UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:13-CV-82-H

CAUDILL SEED AND WAREHOUSE COMPANY INC., PLAINTIFF

V.

JARROW FORMULAS, INC., DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Defendant Jarrow Formulas, Inc. filed a motion to dismiss Counts I, II, IV, V, and VI of Plaintiff Caudill Seed and Warehouse Company Inc.'s complaint. Within that motion, Defendant also moved to strike Counts I, II, III, V, and VI of Plaintiff's amended complaint. Because a resolution of the motion to strike would have serious implications for the overlapping motion to dismiss, the Court will first address Defendant's motion to strike. The Court has taken Defendant's motion to dismiss under submission, and will rule on that motion in due time.

Defendant grounds its motion to strike on a protective order issued in a parallel state court action. Both the state and federal cases arise from the employment history of Kean Ashurst. Ashurst worked for Plaintiff for a number of years before resigning in order to take employment with Defendant. Plaintiff sued Ashurst in Jefferson Circuit Court for misappropriating trade secrets and violating certain agreements he signed while working for Plaintiff (the "Ashurst Action"). On December 14, 2011, Jefferson Circuit Court Judge Susan Shultz Gibson issued an agreed protective order expressly prohibiting any party that receives documents or other information labeled "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" from disclosing or utilizing them in any way other than in connection with the Ashurst Action ("Protective Order"). Plaintiff then filed this suit against

Defendant, Ashurst's current employer, based largely on evidence divulged during discovery conducted in the Ashurst Action. Specifically, five of six counts in Plaintiff's complaint allege that Defendant violated various state and federal laws, as evidenced by a number of emails and other documents guarded by the Protective Order.

Defendant now argues that the Court should strike those counts as violative of the Protective Order in two ways: 1) Plaintiff allowed outside counsel—that is, counsel not representing either party in the Ashurst Action—to view the protected documents for this lawsuit, and 2) Plaintiff used the protected documents in filing the complaint in this court. The Court declines to strike the relevant Counts for the reasons that follow.

First, the Court is not inclined to make such a drastic ruling as striking the majority of Plaintiff's claims until Judge Shultz Gibson clarifies the strictures of the Protective Order. Apparently, Plaintiff has filed a motion in Judge Shultz Gibson's Court requesting a ruling as to whether Plaintiff's counsel in the Ashurst Action was permitted to disclose to Plaintiff's counsel in this action the confidential documents Defendant provided under the Protective Order.[1]

Second, the parties crafted the Protective Order to ensure that confidential and proprietary information would not be publicized to the detriment of Plaintiff, Ashurst, and Defendant. The information provided to Plaintiff's counsel in preparation for this case and to the Court in Plaintiff's complaint does not violate the purpose of the Order. Plaintiff only revealed the nature of the documents supporting its claims and a general description of their contents. Moreover, Plaintiff already knew of the confidential or proprietary information, because the content of the protected material at issue here is allegedly Plaintiff's proprietary and confidential information. The Protective Order, as it operates in this case, is intended to benefit Plaintiff, and

---

[1] The parties have not supplemented the record with any relevant state court documents indicating that Judge Shultz Gibson has made rulings on this particular issue.

Defendant's attempt to use the Protective Order against the Plaintiff in this motion seems somewhat disingenuous. As best the Court can conceive, the Jefferson Circuit Court did not intend the Protective Order to prohibit Plaintiff from invoking its rights to access the judicial system.

Finally, the Court appears to lack jurisdiction to enforce the state court issued Protective Order by striking claims in a federal case. *See Lower Town Project, LLC v. Lawyers Title Ins. Corp.*, 2012 WL 666574, *5 (E.D. Mich. Feb. 29, 2012) ("The existence of a prior, state-court protective order may provide 'good cause' for limiting discovery, and could in some circumstances justify quashing a subpoena for the protected information. But while a federal court will not permit a party to flout a state court protective order simply because documents in a state action might prove useful in a separate federal action, it is not bound to follow or enforce such an order." (internal citations omitted)); *Field Turf USA, Inc. v. Sports Const. Group, LLC*, 2007 WL 4412855, *4 n.7 (N.D. Ohio Dec. 12, 2007) ("This Court has no authority to enforce the state court's protective order and, so, it will leave the resolution of this question to the state court.").

For all these reasons, the Court concludes that to strike pleadings would be an excessive remedy in these circumstances.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motion to strike is DENIED.

cc: Counsel of Record