UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CAUDILL SEED AND
WAREHOUSE COMPANY, INC.,                                          Plaintiff

v.                                                     Case No. 3:13-cv-82-CRS-CHL

JARROW FORMULAS, INC.,                                            Defendant

Memorandum Opinion and Order

I.   Introduction

Before the Court is a sealed motion filed by Caudill Seed and Warehouse Company and its subsidiary, C.S. Health, LLC (together, "Caudill Seed"). Pl.'s Mot (DN 161). Jarrow Formulas, Inc. ("Jarrow") filed a sealed response. Def.'s Resp. (DN 165). Caudill Seed filed a sealed reply. Pl.'s Reply (DN 167).[1]

Jarrow moves for leave to file a sur-reply. Def.'s Mot (DN 168). Caudill Seed does not object. Pl.'s Resp. (DN 170). The Court will grant Jarrow's motion for leave to file a sur-reply.

Caudill Seed asks for an attorney fee award for prevailing on Jarrow's Lanham Act counterclaim. For the reasons below, the Court will deny Caudill Seed's motion.

II.  Background

The Court's October 2015 memorandum opinion details the facts. Mem. Op. Oct. 29, 2015 (DN 145). The Court will recount the procedural history relevant to Caudill Seed's motion.

In January 2013, Caudill Seed filed suit against Jarrow. Compl. (DN 1); Am. Compl. (DN 6). Jarrow counterclaimed against Caudill Seed. Answer & Countercl. (DN 21).

---

[1] The Court has entered a separate order today discussing the practice of filing documents under seal in this case.

In January 2014, Caudill Seed moved for leave to amend its complaint. Mot. Am. 1 (DN 34). Caudill Seed sought to add a claim under the Kentucky Uniform Trade Secrets Act for misappropriation of trade secrets. Prop. Am. 1 (DN 34-2). Jarrow opposed leave to amend. Def.'s Resp. 1 (DN 35).

In June 2014, Jarrow moved for leave to amend its counterclaim. Mot. Am. 1 (DN 64). Jarrow sought to add a counterclaim for false advertising under the Lanham Act. Prop. Am. Countercl. 30 – 31 (DN 64-1). In short, Jarrow's Lanham Act counterclaim alleged that Jarrow lost sales of its non-irradiated products because Caudill Seed continued to sell irradiated BroccoRaphanin to Jarrow's competitors "while falsely representing that the [BroccoRaphanin] is not irradiated." *Id.* ¶ 112. Caudill Seed opposed leave to amend. Pl.'s Resp. 2 (DN 74).

In August 2014, the Court issued a memorandum opinion and order. Mem. Op. & Order Aug. 22, 2014 (DN 89). The Court granted Jarrow's motion for summary judgment in part so that Caudill Seed could only pursue its misappropriation of trade secrets claim against Jarrow for Jarrow's alleged independent wrongful conduct. *Id.* at 19. The Court granted Caudill Seed leave to add its misappropriation of trade secrets claim. *Id.* The Court also granted Jarrow leave to add its Lanham Act counterclaim. *Id.*

Discovery continued. In fall 2014, the Court held three telephonic hearings on discovery issues. *See* 1st Hr'g Tr. Aug. 22, 2014 (DN 94); 2d Hr'g Tr. Oct 24, 2014 (DN 113); 3d Hr'g Tr. Dec. 1, 2014 (DN 117). In January 2015, the parties filed cross-motions for summary judgment. Pl.'s Mot. Summ. J. (DN 124); Def.'s Mot. Summ. J. (DN 125).

In October 2015, the Court ruled on the parties' motions for summary judgment. Mem. Op. & Order Oct. 29, 2015 (DN 145). The Court granted Caudill Seed's motion for summary judgment on all of Jarrow's counterclaims. *Id.* at 33; *see also*, *id.* at 27 ("Rather than trying to

rectify an actual injury, Jarrow Formulas' filing of these counterclaims smacks of sour grapes from being dragged into this lawsuit."). As for the Lanham Act counterclaim, the Court reasoned, "Jarrow Formulas has pointed to no evidence indicating that the acts of Caudill Seed caused consumers to withhold trade from Jarrow Formulas. Indeed, as noted above, Jarrow Formulas' sales actually *increased*. Its Lanham Act claim cannot proceed." *Id.*

    III.    Discussion

        A.  Exceptional cases

Under the Lanham Act, the Court "in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). Jarrow does not dispute that Caudill Seed is a prevailing party. The parties disagree as to what standard the Court should apply to determine whether this is an "exceptional case."

Jarrow asks the Court to apply Sixth Circuit precedent to determine whether this is an exceptional case. Resp. Opp. Mot. Attys. Fees 2 – 4 (citing, *inter alia*, *Eagles, Ltd. v. Am. Eagle Found.*, 356 F.3d 724, 728 (6th Cir. 2004)).

Under *Eagles*, a case is exceptional when "a plaintiff brings a suit that could fairly be described as oppressive." 356 F.3d at 728 (internal quotation marks omitted). The *Eagles* test "requires an objective inquiry into whether the suit was unfounded when it was brought and a subjective inquiry into the plaintiff's conduct during litigation." *Id.* at 729. However, if a plaintiff sues under "colorable, yet ultimately losing, argument," an award of attorney fees is inappropriate. *Id.* at 728.

Caudill Seed asks the Court to apply a new standard to determine whether this is an exceptional case. Mem. Supp. Mot. Attys. Fees 13 – 14 (citing, *inter alia*, *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S.Ct. 1749 (2014)).

*Octane Fitness* discusses "exceptional cases" under the Patent Act. The Patent Act's fee-shifting provision is the same as the Lanham Act's: "the court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285; 15 U.S.C. § 1117(a). An exceptional case under the Patent Act is "simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." 134 S.Ct. at 1756. Under this standard, a district court may award attorney fees "in the rare case in which a party's unreasonable conduct—while not necessarily independently sanctionable—is nonetheless so exceptional as to justify an award of fees." *Id.* at 1757.

Jarrow cites an unpublished case decided after *Octane Fitness* in which the Sixth Circuit continued to apply the *Eagles* standard to determine whether a case is exceptional. Resp. Opp. 3 (citing *Premium Balloon Accessories, Inc. v. Creative Balloons Mfg., Inc.*, 573 F.App'x 547 (6th Cir. Aug. 7, 2014)). But, it is unclear from the *Premium Balloons* decision whether any party raised the application of *Octane Fitness* to the Lanham Act's fee-shifting statute.

The courts of appeal that have considered the issue after *Octane Fitness* have concluded that an exceptional case under the Lanham Act is one that (1) in considering both governing law and facts of the case, stands out from others with respect to the substantive strength of a party's litigating position; or (2) the unsuccessful party has litigated in an unreasonable manner. *Baker v. DeShong*, 821 F.3d 620, 624 (5th Cir. May 3, 2016); *Georgia-Pac. Consumer Products LP v. von Drehle Corp.*, 781 F.3d 710, 720 (4th Cir. 2015);[2] *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 314 – 15 (3d Cir. 2014).

---

[2] The Fourth Circuit also allows for attorney fees when "there is otherwise 'the need in particular circumstances to advance considerations of compensation and deterrence.'" *Georgia-Pacific Consumer Prods. LP*, 781 F.3d at 721 (quoting *Octane Fitness*, 134 S.Ct. at 1756 n.6).

4

Likewise, some district courts that have considered the Lanham Act's fee-shifting statute after *Octane Fitness* have concluded that the *Octane Fitness* standard applies in Lanham Act fee-shifting. *See, e.g.*, *Donut Joe's, Inc. v. Interveston Food Servs., LLC*, 116 F.Supp.3d 1290, 1293 (N.D. Al. 2015) ("The court agrees with the other courts that have considered the question that the standard in *Octane Fitness* also applies to the Lanham Act attorney fees provision."); *contra*, *FN Herstal, S.A. v. Clyde Armory, Inc.*, 2016 WL 5422073 *3 (M.D. Ga. Sept. 27, 2016) ("Thus, the Court is bound by the Eleventh Circuit's standard for exceptional cases.").

The Sixth Circuit has not squarely addressed the issue. In a recent case, the Court of Appeals remanded for the district court to determine the applicability of *Octane Fitness* to Lanham Act fee-shifting. *Slep-Tone Entm't Corp. v. Karaoke Kandy Store, Inc.*, 782 F.3d 313, 318 (6th Cir. 2015).[3] Though the Sixth Circuit did not rule that the *Octane Fitness* standard applies in Lanham Act fee-shifting, the Court of Appeals noted that the fee-shifting provisions under the Lanham Act and the Patent Act are identical, and "statutes using the same language should generally be interpreted consistently." *Id.*

Here, the Court need not decide whether *Octane Fitness*'s exceptional cases standard applies in Lanham Act fee-shifting. Even under the lower *Octane Fitness* standard, Caudill Seed has not shown that this is an exceptional case sufficient to support a discretionary award of attorney fees.

> B. Whether Jarrow's Lanham Act counterclaim stands out from other cases with respect to the relative strengths of the parties' positions

Caudill Seed argues that this case is exceptional because, in considering both governing law and facts of the case, Jarrow's Lanham Act counterclaim stands out with respect to the

---

[3] The Court was unable to determine if the U.S. District Court for the Northern District of Ohio made a ruling on remand.

substantive strength of Jarrow's litigating position. Caudill Seed argues that Jarrow "knew it had suffered no harm from any alleged irradiation by Caudill, and it should never have filed its Lanham Act counterclaim." Mem. Supp. Mot. Attys. Fees 14 – 15 (DN 161-1).

Caudill Seed points to Jarrow's motion to amend, in which "Jarrow Formulas failed to inform the Court that its own employee had provided it documentation of Caudill's alleged irradiation practices as early as 2011, and that Jarrow Formulas had continued to sell product it believed to be irradiated to its own customers for a profit (sales had increased)." *Id.* at 3. In its opinion granting Caudill Seed's motion for summary judgment, the Court noted that there was evidence Jarrow knew about the irradiation much earlier than its briefing suggested. Mem. Op. Oct. 29, 2015 at 27 n.13.

Caudill Seed also points to Senior U.S. District Judge John G. Heyburn II's comments during two telephonic hearings in which Judge Heyburn appeared to doubt whether Jarrow's Lanham Act counterclaim had merit. After counsel for Jarrow explained the basis for the Lanham Act counterclaim, Judge Heyburn said, "Well, that's stretching the Lanham Act pretty far, I would say, really." 1st Hr'g Tr. 11: 22 – 23. He went on:

> Yeah, I mean, why don't you put it in an advertisement if you think it's so important? That's sort of turning the whole thing on its head. Here you are complaining, on the one hand, that you were sold irradiated product, and now you are complaining that even though you are not being sold irradiated product, somebody else is and that you are somehow now at a competitive disadvantage. This is the kind of stuff that gives lawyers a bad name.

*Id.* at 12: 2 – 9.[4] A couple of months later, Judge Heyburn said, "That would seem to – is there evidence – maybe it's not a real counterclaim." 3d Hr'g Tr. 18: 8 – 10; *see also*, *id.* at 22: 9 – 10 ("This is a ridiculous dispute, this part of it, it seems to me.").

---

[4] Caudill Seed also argues that Judge Heyburn suggested that it "would be a good idea" if Jarrow drop its Lanham Act counterclaim. Mem. Supp. 6. The transcript says:

Caudill Seed has not shown that the relative weakness of Jarrow's Lanham Act counterclaim stands out from other cases. Jarrow made clear in its memorandum in support of the motion to amend that it based its Lanham Act counterclaim on the Supreme Court's holding in *Lexmark*. Def.'s Mem. Supp. Mot. Am. 7 (DN 66) (citing *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S.Ct. 1377 (2014)). Jarrow also cited the deposition of Dan Caudill in support of its contention that Caudill Seed was irradiating BroccoRaphanin in violation of FDA regulations. Def.'s Mem. Supp. Mot. Am. 4. Jarrow's pursuit of a new counterclaim, purportedly on the basis of recent Supreme Court precedent and newly discovered evidence, does not make the relative strength of its litigation position stand out compared to other cases.

Although Judge Heyburn expressed misgivings over whether Jarrow should proceed with the Lanham Act counterclaim, those misgivings do not establish that Jarrow's counterclaim stands out from other cases with respect to the relative weakness of Jarrow's counterclaim. The Court may doubt if a plaintiff can succeed on a claim, or even if a plaintiff should proceed with a claim, without those doubts meaning that the plaintiff's position is so weak that it stands out. The same day he expressed those misgivings, Judge Heyburn issued a memorandum opinion permitting Jarrow to amend its counterclaim to add the Lanham Act claim. Mem. Op. Aug. 22, 2014 at 18. In that same opinion, the Court held that Jarrow sufficiently alleged proximate cause to establish its standing to bring a Lanham Act claim. *See id.* at 18 – 19.

Jarrow was ultimately unable to prove an element of the Lanham Act counterclaim—its damages—at the summary judgment stage. But, the inability to overcome summary judgment

---

> Counsel for Caudill Seed: Your Honor, if they want to drop that claim, we won't pursue that in discovery because we are looking to streamline things.
> The Court: That would be a good idea.

1st Hr'g Tr. 14: 2 – 5. It is unclear whether Judge Heyburn was suggesting that streamlining discovery was the "good idea" or whether dropping the counterclaim was the "good idea."

does not mean that a plaintiff's claim was so weak that it stands out from other cases. Caudill Seed has not shown that Jarrow's Lanham Act counterclaim stands out from other cases with respect to the relative strengths of the parties' positions.

                C. Whether Jarrow's Lanham Act counterclaim is exceptional because Jarrow litigated the Lanham Act counterclaim in an unreasonable manner

In the alternative, Caudill Seed argues that this case is exceptional because Jarrow has litigated the case in an unreasonable manner. Caudill Seed argues that Jarrow brought the Lanham Act counterclaim "only as a defensive litigation tactic to increase costs and try to create leverage," and "[t]he ultimate result of Jarrow Formulas' unreasonable litigation conduct, and failure to heed repeated warnings from the Court regarding the viability of its Lanham Act counterclaim, was to cause Caudill to expend valuable time and resources on a patently nonviable counterclaim." Mem. Supp. Mot. Attys. Fees 16.

Caudill Seed points to its motion to compel, filed July 2, 2014, in which it sought documents relating to Jarrow's alleged damages. Caudill Seed argues that Jarrow never disclosed evidence of its alleged damages in discovery and its only evidence of damages "came in the form of self-serving, insufficient affidavits" filed with its response in opposition to Caudill Seed's motion for summary judgment. *Id.* at 17. Caudill Seed also points to its own motion for summary judgment, and that it "was forced to engage in expensive summary judgment briefing," in order to obtain dismissal of the Lanham Act counterclaim. *Id.* at 6.

Caudill Seed has not shown that Jarrow litigated the Lanham Act counterclaim unreasonably. Caudill Seed was not the only party that moved to compel in this case. DNs 70 & 72; *see also*, Order Aug. 26, 2014 (deeming motions to compel moot after telephonic motion hearing). Even if Caudill Seed was the only party who had moved to compel, Caudill Seed's

8

filing of a motion to compel does not lead to a conclusion that Jarrow litigated its Lanham Act counterclaim unreasonably.

Further, Jarrow did not "force" Caudill Seed to move for summary judgment on the Lanham Act counterclaim or any other counterclaim. Caudill Seed chose to do so, and it prevailed. That its efforts in achieving that result were costly does not lead to a conclusion that Jarrow litigated the Lanham Act counterclaim unreasonably.

Finally, Caudill Seed stretches Judge Simpson's "sour grapes" metaphor too far. Judge Simpson wrote, "Rather than trying to rectify an actual injury, Jarrow Formulas' filing of these *counterclaims* smacks of sour grapes from being dragged into this lawsuit." Mem. Op. Oct. 29, 2015 at 27 (emphasis added). Judge Simpson did not single out the Lanham Act counterclaim as smacking of sour grapes. Rather, he dismissed all of Jarrow's counterclaims because Jarrow failed to present evidence of damages. *Id.* at 27.

Caudill Seed has not shown that Jarrow unreasonably litigated its Lanham Act counterclaim. The Court will deny its motion for attorney fees.

IV. Conclusion

Accordingly, the Court **GRANTS** Jarrow's motion for leave to file a sur-reply (DN 168). The sur-reply tendered with that motion (DN 169) is deemed **FILED** in the record of this action.

The Court **DENIES** Caudill Seed's motion for attorney fees (DN 161).

Cc: counsel of record

9