UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CAUDILL SEED AND
WAREHOUSE COMPANY, INC.,                                    Plaintiff

v.                                                 Case No. 3:13-cv-82-CRS-CHL

JARROW FORMULAS, INC.,                                      Defendant

### Memorandum Opinion and Order

### Introduction

The parties are Caudill Seed and Warehouse Company, Inc. ("Caudill Seed") and Jarrow

Formulas, Inc. ("Jarrow Formulas").  Eight motions to seal are before the Court:

I.   **DN 193**: Jarrow Formulas moves to seal exhibits in support of its motion to
     compel.  The Court will grant in part and deny in part the motion.

II.  **DN 197**: Caudill Seed moves to seal exhibits in support of its motion to compel.
     The Court will grant in part and deny in part the motion.

III. **DN 200**: Caudill Seed moves to seal exhibits in support of its response to Jarrow
     Formulas's motion to compel.  The Court will grant the motion.

IV.  **DN 203**: Jarrow Formulas moves to seal exhibits in support of its response to
     Caudill Seed's motion to compel.  The Court will grant in part and deny in part
     the motion.

V.   **DN 206**: Caudill Seed moves to seal its memorandum in support of its motion to
     maintain the seal on the documents already under seal.  The Court will deny the
     motion.

1

VI.     **DN 209**: Caudill Seed moves to maintain the seal on two hundred thirty-seven documents already under seal.  The Court will grant in part and deny in part the motion.

VII.    **DN 210**: Jarrow Formulas moves to maintain the seal on two documents already under seal.  The Court will grant the motion.

VIII.   **DN 217**: Jarrow Formulas moves to seal its response in opposition (DN 216) to Caudill Seed's motion to maintain documents under seal.  The Court will deny the motion.

An appendix to this memorandum opinion contains a detailed breakdown of the documents referenced in each motion to seal.

## Background

On December 27, 2013, the Court entered an agreed protective order in this matter.  (DN 33; *see also*, DN 122.)  Under that order, the parties agreed that "certain discovery is likely to involve confidential, sensitive, proprietary, trade secret, personal, and commercial information." (DN 33, #296.)  The order requires parties to file documents marked "**CONFIDENTIAL**" or "**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**" in the record under seal.  (DN 33, #307.)  Documents marked "**CONFIDENTIAL**" include "confidential information, personal information, all non-public or proprietary information, non-pubic business or financial strategies, existing or contemplated business practices, confidential competitive information, patentable ideas, trade secrets, concepts and customer information."  (DN 33, #297.)  Documents marked "**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**" include

> any document or other material (including digital information) when there is a good faith belief that information is particularly sensitive because it relates to trade secrets, technical practices or methods, research or development, marketing plans, product data or projections, financial data, business strategy, or agreements

2

and relationships with third parties that, if discovered by the opposing party, might give the opposing party a competitive advantage over the producing party.

(DN 33, #298.)

On November 17, 2016, the Court entered an order discussing recent Sixth Circuit case law and its potential application to the numerous filings under seal in this matter.  (DN 177.) The Court ordered the parties to file separate motions to seal if they disagreed as to whether certain documents should remain sealed:

To the extent there are documents that one party believes should be filed under [seal] and the other party disagrees, file separate motions to seal for such documents.  The memorandum in support of any such motion must analyze in detail, document by document, the propriety of secrecy, providing reasons, and legal citations.

(*Id.*, #10863 (brackets added) (quotation marks omitted).)

### Legal Standard

"In either the civil or the criminal courtroom, secrecy insulates the participants, masking impropriety, obscuring incompetence, and concealing corruption."  *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983).  Still, "[s]ecrecy is fine at the discovery stage, before the material enters the judicial record."  *Shane Grp. Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (brackets added).  "At the adjudication stage, however, very different considerations apply."  *Id.*

There is a "strong presumption" in favor of open court records.  *Rudd Equip. Co. v. John Deere*, 834 F.3d 589, 593 (6th Cir. 2016); 825 F.3d at 305.  This presumption stems from the public's right of access to the courts under the First Amendment and the common law.  710 F.2d at 1177 – 79.  Exceptions to the public's right of access exist to protect "certain privacy rights of participants or third parties, trade secrets, and national security."  *Id.* at 1179.

Even when no party objects, the public's right of access remains.  834 F.3d at 595 ("But as the magistrate judge accurately stated, Deere 'could not have waived the *public*'s First Amendment and common law right of access to court filings.'"); *see also*, 825 F.3d at 307 ("A court's obligation to keep its records open for public inspection is not conditioned on an objection from anybody.").  The Court must still "set forth specific findings and conclusions which justify nondisclosure to the public."  825 F.3d at 306 (internal quotation marks omitted). The Court must articulate its basis for sealing documents: "why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary."  *Id.*

The Court's decision on sealing is "completely separate" from the underlying merits.  834 F.3d at 593.  The Court "must balance the litigants' privacy interests against the public's right of access, recognizing our judicial system's strong presumption in favor of openness."  *Id.* at 594. "Moreover, the greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access."  825 F.3d at 305.  That being said, the Court should consider a party's reliance on a seal in applying the balancing test.  834 F.3d at 596.

To overcome the strong presumption in favor of open court records, a party seeking to seal a document bears a "heavy" burden.  825 F.3d at 305.  "Only the most compelling reasons can justify non-disclosure of judicial records."  *In re Knoxville News-Sentinel Co.*, 723 F.2d 470 476, (6th Cir. 1983); 834 F.3d at 593; 825 F.3d at 305.  "Simply showing that the information would harm the company's reputation is not sufficient to overcome the strong common law presumption in favor of public access to court proceedings and records."  710 F.2d at 1179.

Courts can deny access to court records that could be used "as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 598 (1978). Generally, "only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of sexual assault)," can overcome the presumption of open records. 834 F.3d at 589; *see also*, 710 F.2d at 1179 (noting that "certain privacy rights of participants or third parties, trade secrets and national security" are content-based exceptions to the right of access).

The proponent of sealing bears "the burden of showing that disclosure will work a clearly defined and serious injury." 825 F.3d at 307 (internal quotation marks omitted) (brackets omitted). The injury asserted must be specific. *Id.* "The proponent of sealing therefore must analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 305 – 06 (internal quotation marks omitted). "And even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason." *Id.* at 305.

## Analysis

In Part I, the Court will discuss the motions related to the documents already filed under seal (DNs 206, 209, 210, & 217). In Part II, the Court will discuss the motions to seal related to the motions to compel (DNs 193, 197, 200, 203).

5

I.   **Motions related to the documents already filed under seal**

   A.  **Caudill Seed's motion to maintain the seal on the documents already under seal (DN 209)**

Caudill Seed moves to maintain the seal on two hundred thirty-seven documents currently under seal.  (*See* App. *infra*.)  Caudill Seed argues that it can demonstrate a compelling reason to seal the documents because the Defend Trade Secrets Act of 2016 requires the sealing of documents containing trade secrets.  (DN 209-1, #13243 – 44 (citing 18 U.S.C. § 1835(a)).)  Finally, Caudill Seed notes that it has "undertaken significant time and expense" in reviewing the docket and narrowing what it seeks to seal as much as possible.  (DN 209-1, #13244.)  Caudill Seed divides these documents into four categories, which often overlap: its formulas and processes; its research and development; its customer lists and vendor information; and its "proprietary business communications and operations."  (*Id.*, #13244 – 47.)

First, its "formulas and processes are at the core of its trade secrets; and Caudill must protect them from disclosure at all costs."  (*Id.*, #13245.)  Second, "[c]ourts routinely seal research and development related to trade secrets or other intellectual property."  (*Id.* (brackets added).)  Third, "courts routinely" seal customer lists, vendor identification, and pricing and sales information.  (*Id.*, #13246.)  Fourth, its "business communications and other confidential business records that contain the trade secrets must remain sealed to protect those trade secrets."  (*Id.*, #13247.)

Jarrow Formulas argues that Caudill Seed "has provided, at most, cursory, circuitous and conclusory explanations of its reasons for sealing, and has failed to identify any specific information that would constitute a trade secret."  (DN 213, #13320.)  Jarrow Formulas also argues that many of the documents Caudill Seed wants to remain sealed are already in the public domain.  (*Id.*)  Further, Jarrow Formulas argues, "Caudill further elected not to identify any

specific harm that might befall it if the information contained in these documents became publicly available." (DN 218-1, #13436.)

> 1. **Caudill Seed's argument that it need only demonstrate a good faith basis for sealing documents ignores the Sixth Circuit's command that a proponent of sealing must demonstrate a compelling reason for the seal.**

Caudill Seed cites *Citizens First National Bank* and *NetJets Association* for the proposition that it need only demonstrate a good faith basis for sealing documents. (DN 209-1, #13241 – #13243 (quoting *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943 (7th Cir. 1999) & *NetJets Assoc. of Shared Aircraft Pilots v. NetJets, Inc.*, 2016 WL 5349793, at *1 – *2 (S.D. Oh. Sept. 23, 2016).)

> *Citizens First* is legally distinguishable.  *Citizens First* does say that a party may
>
> keep their trade secrets (or some other properly demarcated category of legitimately confidential information) out of the public record provided the judge (1) satisfies himself that the parties know what a trade secret is and are acting in good faith in deciding which parts of the record are trade secrets and (2) makes explicit that either party and any interested member of the public can challenge the secreting of particular documents.

178 F.3d at 946.  However, throughout that opinion, the court referred to the good cause required for sealing documents in a particular case.  *See, e.g.*, 178 F.3d at 944 ("That issue is the judge's failure to make a determination, as the law requires, of good cause to seal any part of the record of a case." (internal citations omitted)).  While good cause may be the standard a party must meet to seal documents in the Seventh Circuit, *Rudd* and *Shane Group* make clear that a proponent of sealing in the Sixth Circuit must demonstrate a "compelling reason" for the seal.  825 F.3d at 305 – 06; 834 F.3d at 593.

*NetJets Association* is likewise factually distinguishable.  The district court in that case said, "this case involves a small amount of information from one document that has been redacted and sealed from the public view."  2016 WL 5349793 *2 (emphasis added).  That court

7

distinguished *Rudd* and *Shane Group* because those seals involved "large portions of the litigation (including, in one case, the existence of the lawsuit itself).")  Here, Caudill Seed seeks to maintain a seal on two hundred thirty-seven documents.  The sheer volume of information Caudill Seed seeks to maintain under seal is far closer to *Rudd* and *Shane Group* than the one redacted document at issue in *NetJets*.

### 2. Caudill Seed has demonstrated a compelling reason for maintaining the seal until trial.

Throughout its brief, Caudill Seed argues that the two hundred thirty-seven documents must remain under seal until trial.  (*See, e.g.*, DN 209-1, #13237 ("Caudill respectfully states that these documents must remain sealed until trial.  Any other result would penalize Caudill for pursuing legitimate trade secret claims, and would prejudge the key fact-finding role of the jury in ruling on the claims."); *id.*, #13239 ("Confidential information related to those trade secrets must remain protected at least until a jury has a chance to decide the case.").)

The Court is puzzled by this language.  Caudill Seed's use of the phrase "until trial" could have been a strategic choice designed to highlight the fact that it overcame much of Jarrow Formulas's motion for summary judgment.  (*See* DN 145, #9435.)  Or, Caudill Seed's use of the phrase "until trial" may reflect its misunderstanding of what happens when the Court seals documents.  If the Court seals a document, that document remains sealed not just until trial, but *during* trial as well.  *See, e.g., Microsoft Corp. v. Motorola, Inc.*, 2012 WL 5476846 *3 (W.D. Wash. Nov. 12, 2012).

Caudill Seed provided the Court with three large tabbed binders rather than burdening the Court with the task of combing through the docket.  The eighty-three tabs in the three binders correspond to eighty-three sets of documents Caudill Seed seeks to maintain under seal.  Jarrow Formulas's response followed Caudill Seed's tabbing system.  For example, Tab 1 includes the

fourteen excerpts from Dan Caudill's January 21, 2014 deposition transcript that have been filed in various places in the record under seal.

The Court conducted a review of these two hundred thirty-seven documents *in camera*. In the interest of using the Court's finite resources efficiently, the Court will not discuss each individual document Caudill Seed seeks to maintain under seal.   After a review of these documents *in camera*, the Court finds that Caudill Seed has shown a compelling reason for maintaining the seal on these two hundred thirty-seven documents pending trial.   The Court bases this finding on six considerations.

First, a decision on sealing is separate from a decision on the merits.  *Rudd*, 834 F.3d at 593.  The Court has already ruled that Caudill Seed had demonstrated a genuine issue of material fact on its misappropriation of trade secret claims sufficient for those claims to proceed to trial. (DN 145, #9428 – 29 ("We conclude that genuine issues of material fact exist with respect to whether the information so identified constitutes trade secrets, whether Jarrow Formulas made unauthorized use of Caudill's trade secrets, and whether Caudill Seed was injured thereby.  A jury should decide these fact-based issues.").)   A jury will decide whether Caudill Seed has proven its alleged trade secrets.  Caudill Seed need not prove its alleged trade secrets to justify sealing these documents at this point.

Second, Caudill Seed has convincingly argued—and the Court has seen firsthand in an *in camera* review—that these documents contain commercially information that, if made available for its competitors to view, would put Caudill Seed at a disadvantage in the marketplace.  The Court should not allow its docket to be used as a source "of business information that might harm a litigant's competitive standing."  *Nixon*, 435 U.S. at 598.

9

Third, the court of appeals has said that "the greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access." *Shane Grp.*, 825 F.3d at 305.  The inverse is true, too.  The lesser the public interest in the litigation's subject matter, the lesser the showing necessary to overcome the presumption of access.  Although the Court rejects Caudill Seed's argument that there is *no* public interest in this lawsuit, *see infra* Part I(A)(3), the public's interest in this litigation is less than it would be in a case involving constitutional rights, among other things.

Fourth, although the number of sealed documents in this matter will remain quite large, the parties agreed to unseal even more documents than the number Caudill Seed seeks to maintain under seal.  Their joint efforts to agree to the unsealing of over three hundred documents have gone a long way in expanding the public's access to the docket in this matter.

Fifth, Jarrow Formulas only objected to the sealing of these documents after the Court's *sua sponte* order.  Now, Jarrow Formulas would have the Court engage in a mini-trial as to each of the two hundred thirty-seven documents currently under seal.  Such an endeavor would serve only to delay this nearly four-year-old case further and would not be an efficient use of the Court's time.  Both parties relied on the agreed protective order in filing these two hundred thirty-seven documents under seal.  Reliance on a sealing order is a factor the Court must consider in deciding whether a document should be sealed.  *Rudd*, 834 F.3d at 596.

Finally, maintaining the seal on these documents until trial simply maintains the status quo.  Maintaining the status quo as the parties prepare for trial serves the interests of efficiency and judicial economy.  *See* Fed. R. Civ. P. 1.

That being said, the Court will address whether one document in particular should be sealed.  Caudill Seed moves to seal DN 66-1.  (DN 207, #13204 at n.12.)  Caudill Seed says that

Jarrow Formulas inadvertently filed that document in the record unsealed and that it should have been filed under seal.  (*Id.*)  Jarrow Formulas filed that document unsealed on June 16, 2014.  It sat on the Court's docket unsealed for over two and a half years before Caudill Seed noticed that it had not been sealed.  *See Rudd*, 834 F.3d at 596 ("The complaint then sat unsealed on the district court's docket for two weeks before the seal was entered, and Rudd has not alleged it suffered any harm during this period.").  Caudill Seed has not alleged that the public availability of that document for two and a half years caused it any harm.  The Court will deny Caudill Seed's motion to seal DN 66-1.

The Court will grant in part and deny in part Caudill Seed's motion to maintain the seal on the documents already under seal (DN 209).

### 3.   Caudill Seed's argument about the public interest lacks merit.

Finally, the Court must address Caudill Seed's argument regarding the public interest. Caudill Seed argues that there is no public interest in this lawsuit.  (*See* DN 209-1, #13241 n.4 ("There is no public interest in this lawsuit, no media attention, and no basis for the public to have an interest.").)

The Court disagrees.  Just because the public has not demonstrated an interest in this lawsuit does not mean that there is no public interest.  The public has an interest—demonstrated or not—in what is done in the Court.  It is true that the vast majority of the Court's work attracts no attention from the media or from individual citizens.  But that does not mean what we do here—as litigants, as judges, and as private citizens observing a public forum—is of no public interest.   To the contrary, the public has an inherent interest in what happens here. Notwithstanding the foregoing, it is true that neither the media nor the public at large have manifested any particular curiosity about the facts of this case.

11

**B.  Jarrow Formulas's motion to maintain the seal on two documents already under seal (DN 210)**

Jarrow Formulas moves to seal two exhibits that are already under seal.  (DN 210.) Similar to Caudill Seed's argument discussed in Part I(A), Jarrow Formulas argues that DN 191-2 contains "sensitive business information that could put Jarrow Formulas at a competitive disadvantage if it were disclosed."  (DN 210-1, #13283.)  Additionally, Jarrow Formulas says that DN 191-7 contains confidential information of a third-party distributor to Jarrow Formulas, and that such information is tangential to the issues of this case.  (*Id.*, #13284 – 85.)

The Court finds that Jarrow Formulas has shown a compelling reason for maintaining the seal on the two documents it seeks to maintain under seal.  First, Jarrow Formulas argues that unsealing DN 191-2 would put it at a competitive disadvantage.  The Court will not allow its docket to be used as a source "of business information that might harm a litigant's competitive standing."  *Nixon*, 435 U.S. at 598.  Second, Jarrow Formulas argues that sealing DN 191-7 is proper because it contains the confidential business information of one of its distributors, and the information is tangential to the issues here.  The Court should "heavily" weigh the privacy interests of innocent third parties in balancing the public interest.  *Shane Grp.*, 825 F.3d at 308. Jarrow Formulas has shown that this information is of little interest to the public compared to the privacy interest of the third party.

Jarrow Formulas also moves for leave to file redacted versions of twenty-three other documents.  (DN 210.)  A seal must be "no broader than necessary."  *Shane Grp.*, 825 F.3d at 306.  The Court credits Jarrow Formulas's efforts to identify documents that could be redacted.

The Court will grant Jarrow Formulas's motion to seal the two documents already under seal.  The Court will grant Jarrow Formulas's motion for leave to file redacted versions of the twenty-three other documents.

**C. Caudill Seed's motion to file under seal its memorandum in support of the motion to maintain documents under seal (DN 206); Jarrow Formulas's motion to file under seal its response in opposition to Caudill Seed's motion to maintain documents under seal (DN 217)**

Caudill Seed moves to seal its memorandum in support of its motion to maintain documents under seal.  (DN 206.)  Caudill Seed argues, "Included in the Memorandum is a chart describing and detailing each docket entry identifying the exhibits previously filed under seal that should remain under seal.  Specific descriptions of the content and the nature of the documents and/or exhibits are identified."  (DN 206-1.)

Jarrow Formulas moves to seal its response in opposition to Caudill Seed's motion to maintain documents under seal.  (DN 217.)  Jarrow Formulas argues that Caudill Seed's memorandum should not be sealed and moved to seal its response in opposition "pending the Court's ruling on Caudill Seed's Motion to Maintain Documents Under Seal (DN 209)."  (*Id.*, #13429.)  Jarrow Formulas offered no reason for why its response brief should be filed under seal.

The Court finds that Caudill Seed has not shown a compelling reason for sealing its memorandum in support of maintaining the documents under seal.  A seal must be "no broader than necessary."  *Shane Grp.*, 825 F.3d at 306.  Although the chart does detail the content and nature of the documents Caudill Seed seeks to maintain under seal, Caudill Seed has pointed to no case which would suggest that a document describing the content and nature of sealed documents should itself be sealed.  Similarly, Jarrow Formulas has not shown a compelling reason for sealing its response in opposition.

The Court will deny Caudill Seed's motion to seal its memorandum in support of its motion to maintain documents under seal.  The Court will deny Jarrow Formulas's motion to seal its response in opposition to Caudill Seed's motion to maintain documents under seal.

II.   **Motions to seal related to the motions to compel**

A.   **Caudill Seed's motion to seal exhibits in support of its motion to compel (DN 197)**

Caudill Seed moves to seal certain exhibits in support of its motion to compel.  (*See* App. *infra* Part II.)  After Caudill Seed filed its motion, the parties agreed that certain exhibits should be unsealed.  (*See* DNs 208 & 212-1.)  Accordingly, the Court will deny as moot Caudill Seed's motion to seal DNs 191-2, 191-5, 191-6, 191-8, 191-10, 191-11, 191-13, 191-14, 191-15, 191-16, 191-17, and 191-19.

Thus, the remaining exhibits Caudill Seed seeks to seal are: Exhibit 8 (DN 191-3); Exhibit 10 (DN 191-4); Exhibit 19 (DN 191-7); Exhibit 21 (DN 191-9); Exhibit 25 (DN 191-12); and Exhibit 32 (DN 191-18).  In its motion, Caudill Seed asks to seal these documents because Jarrow Formulas had designated them as "**CONFIDENTIAL**" or "**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**."  (DN 197-1.)  Caudill Seed asks the Court to provisionally seal these documents.  (DN 197-1, #12134.)

Many of these documents are the same as or similar to documents Caudill Seed sought to maintain under seal.  *See* discussion *supra* Part I(A)(2).  For example, DNs 191-3 and 191-4 are the supplemental expert reports of Leslie West.  West's reports were included in the batch of documents Caudill Seed sought to keep sealed.

The Court incorporates its discussion from Part I(A)(2) here.  In particular, the Court finds the parties' reliance on the Agreed Protective Order as an important factor in concluding that these documents should be sealed.  The Court finds that Caudill Seed has shown a compelling reason for sealing the exhibits in support of its motion to compel.

The Court will grant Caudill Seed's motion to seal the remainder of the exhibits in support of its motion to compel.

### B.  Caudill Seed's motion to seal exhibits in support of its response to Jarrow Formulas's motion to compel (DN 200)

Caudill Seed moves to seal four exhibits in support of its response (DN 199) to Jarrow Formulas's motion to compel (DN 192).  The Exhibits are: Exhibit 1 (DN 201-1); Exhibit 2 (DN 202-2); Exhibit 3 (DN 201-3); and Exhibit 12 (DN 201-4).   Caudill Seed argues that "these documents specifically discuss and reflect upon its trade secrets, have been designated to be 'Highly Confidential-Attorneys Eyes Only', and Caudill is not permitted to unilaterally de-designate and file them in the record."  (DN 200-1, #12362.)

DNs 201-1 and 201-2 are Leslie West's expert reports.  DN 201-3 is an expert report by Kean Ashurst.  West's and Ashurst's reports were included in the batch of documents Caudill Seed sought to keep sealed.  *See* discussion *supra* Part I(A)(2).  DN 201-4 is an email from Caudill Seed's attorney, Tommy Gleason, to Jarrow Formulas's attorneys.  Attached to the email is a document that is marked "Highly Confidential – Attorneys' Eyes Only."

The Court incorporates its discussion from Part I(A)(2) here.  Caudill Seed has met its burden in showing a compelling reason for sealing these documents.

Accordingly, the Court will grant Caudill Seed's motion to seal the exhibits in support of its response to Jarrow Formulas's motion to compel.

### C.  Jarrow's motion for leave to seal exhibits in support of its motion to compel (DN 193)

Jarrow Formulas moves to seal five exhibits in support of its motion to compel (DN 190). The Exhibits are: Exhibit D (DN 194-1), Exhibit L (DN 194-2), Exhibit N (DN 194-3), Exhibit

15

O (DN 194-4), and Exhibit Q (DN 194-5).  After Jarrow Formulas filed its motion, the parties agreed that DN 194-4 should be unsealed.  (DNs 208 & 212-1.)  Accordingly, the Court will deny as moot Jarrow Formulas's motion to seal DN 194-4.

Jarrow Formulas argues that the remaining exhibits have been previously marked by Caudill Seed as "**CONFIDENTIAL**" or "**ATTORNEYS' EYES ONLY,**" and therefore, under the Agreed Protective Order, the exhibits must be filed under seal.  (DN 193 (citing DN 33 ¶ 18).)

Many of these documents are the same as or similar to documents Caudill Seed sought to maintain under seal.  *See* discussion *supra* Part I(A)(2).  For example, DNs 194-2 and 194-3 are the deposition transcripts of Joseph Lyons.  Lyons's depositions were included in the batch of documents Caudill Seed sought to keep sealed.

The Court incorporates its discussion from Part I(A)(2) here.  In particular, the Court finds the parties' reliance on the Agreed Protective Order as an important factor in concluding that these documents should remain sealed.  The Court finds that Jarrow Formulas has shown a compelling reason for sealing the exhibits in support of its motion to compel.

### D.  Jarrow Formulas's motion for leave to seal exhibits in support of its response to Caudill Seed's motion to compel (DN 203)

Jarrow Formulas moves to seal seventeen exhibits in support of its response (DN 202) to Caudill Seed's motion to compel (DN 190). The Exhibits are: Exhibit A (DN 204-1); Exhibit D (DN 204-2); Exhibit I (DN 204-3); Exhibit J (DN 204-4); Exhibit O (DN 204-5); Exhibit P (DN 204-6); Exhibit Q (DN 204-7); Exhibit S (DN 204-8); Exhibit T (DN 204-9); Exhibit U (DN 204-10); Exhibit V (DN 204-11); Exhibit Z (DN 204-12); Exhibit AA (DN 204-13); Exhibit GG (DN 204-14); Exhibit HH (DN 204-15); Exhibit LL (DN 204-16); Exhibit OO (DN 204-17).

After Jarrow Formulas filed its motion, the parties agreed that DNs 204-6, 204-14, 204-15, 204-16, and 204-17 should be unsealed.  (DNs 208 & 212-1.)  Accordingly, the Court will deny as moot Jarrow Formulas's motion to seal DNs 204-6, 204-14, 204-15, 204-16, and 204-17.

Thus, the remaining exhibits Jarrow Formulas seeks to seal are: Exhibit A (DN 204-1); Exhibit D (DN 204-2); Exhibit I (DN 204-3); Exhibit O (DN 204-5); Exhibit Q (DN 204-7); Exhibit S (DN 204-8); Exhibit T (DN 204-9); Exhibit U (DN 204-10); Exhibit V (DN 204-11); Exhibit Z (DN 204-12); and Exhibit AA (DN 204-13).

Many of these documents are the same as or similar to documents Caudill Seed sought to maintain under seal.  *See* discussion *supra* Part I(A)(2).  For example, DN 204-1 is an expert report by Leslie West.  West's reports were included in the batch of documents Caudill Seed sought to keep sealed.  *See id.*

The Court incorporates its discussion from Part I(A)(2) here.  In particular, the Court finds the parties' reliance on the Agreed Protective Order as an important factor in concluding that these documents should remain sealed.  The Court finds that Jarrow Formulas has shown a compelling reason for sealing the exhibits in support of its response to Caudill Seed's motion to compel.

## Appendix

### I.

**DN 193**: Jarrow Formulas moves to seal exhibits in support of its motion to compel (DN 192).

The Exhibits are:

1. Exhibit D (DN 194-1);
2. Exhibit L (DN 194-2);
3. Exhibit N (DN 194-3);
4. Exhibit O (DN 194-4); and
5. Exhibit Q (DN 194-5).

### II.

**DN 197**: Caudill Seed moves to seal exhibits in support of its motion to compel (DN 190).  The Exhibits are:

1. Exhibit 7 (DN 191-2);
2. Exhibit 8 (DN 191-3);
3. Exhibit 10 (DN 191-4);
4. Exhibit 14 (DN 191-5);
5. Exhibit 15 (DN 191-6);
6. Exhibit 19 (DN 191-7);
7. Exhibit 20 (DN 191-8);
8. Exhibit 21 (DN 191-9);
9. Exhibit 23 (DN 191-10);
10. Exhibit 24 (DN 191-11);
11. Exhibit 25 (DN 191-12);
12. Exhibit 26 (DN 191-13);
13. Exhibit 27 (DN 191-14);
14. Exhibit 28 (DN 191-15);
15. Exhibit 30 (DN 191-16);
16. Exhibit 31 (DN 191-17); and
17. Exhibit 32 (DN 191-18).

### III.

**DN 200**: Caudill Seed moves to seal exhibits in support of its response (DN 199) to Jarrow

Formulas's motion to compel (192).  The Exhibits are:

1. Exhibit 1 (DN 201-1);
2. Exhibit 2 (DN 202-2);

3. Exhibit 3 (DN 201-3); and
4. Exhibit 12 (DN 201-4).

## IV.

**DN 203**: Jarrow Formulas moves to seal exhibits in support of its response (DN 202) to Caudill

Seed's motion to compel (DN 190).  The Exhibits are:

**1.** Exhibit A (DN 204-1);
**2.** Exhibit D (DN 204-2);
**3.** Exhibit I (DN 204-3);
**4.** Exhibit J (DN 204-4);
**5.** Exhibit O (DN 204-5);
**6.** Exhibit P (DN 204-6);
**7.** Exhibit Q (DN 204-7);
**8.** Exhibit S (DN 204-8);
**9.** Exhibit T (DN 204-9);
**10.** Exhibit U (DN 204-10);
**11.** Exhibit V (DN 204-11);
**12.** Exhibit Z (DN 204-12);
**13.** Exhibit AA (DN 204-13);
**14.** Exhibit GG (DN 204-14);
**15.** Exhibit HH (DN 204-15);
**16.** Exhibit LL (DN 204-16);
**17.** Exhibit OO (DN 204-17).

## V.

**DN 206**: Caudill Seed moves to seal its memorandum in support (DN 207) of its motion to

maintain seal on documents already under seal (DN 209).

## VI.

**DN 209**: Caudill Seed moves to maintain seal on two hundred thirty-seven documents that are

currently under seal.  The unsealed versions of these documents are:

| | | |
|---|---|---|
| 1. DN 35-5 | 8. DN 60-28 | 15. DN 61-24 |
| 2. DN 38 | 9. DN 61-5 | 16. DN 66 |
| 3. DN 43 | 10. DN 61-7 | 17. DN 66-1 |
| 4. DN 60-9 | 11. DN 61-8 | 18. DN 67 |
| 5. DN 60-11 | 12. DN 61-9 | 19. DN 68 |
| 6. DN 60-20 | 13. DN 61-18 | 20. DN 69 |
| 7. DN 60-26 | 14. DN 61-23 | 21. DN 71-4 |

19

22. DN 71-5
23. DN 71-6
24. DN 71-8
25. DN 71-9
26. DN 74-3
27. DN 75-2
28. DN 78-1
29. DN 78-3
30. DN 78-5
31. DN 78-6
32. DN 78-7
33. DN 78-8
34. DN 78-10
35. DN 78-11
36. DN 78-15
37. DN 80-3
38. DN 80-6
39. DN 80-7
40. DN 80-8
41. DN 80-9
42. DN 83-4
43. DN 83-7
44. DN 83-8
45. DN 84-2
46. DN 84-3
47. DN 84-4
48. DN 86-1
49. DN 86-2
50. DN 98-3
51. DN 98-4
52. DN 98-5
53. DN 100-1
54. DN 100-2
55. DN 100-3
56. DN 100-4
57. DN 100-5
58. DN 100-6
59. DN 100-7
60. DN 100-8
61. DN 100-9

62. DN 124-1
63. DN 124-2
64. DN 124-3
65. DN 124-4
66. DN 124-5
67. DN 124-8
68. DN 124-10
69. DN 124-11
70. DN 124-13
71. DN 124-19
72. DN 124-20
73. DN 124-21
74. DN 124-22
75. DN 124-23
76. DN 124-24
77. DN 124-28
78. DN 124-29
79. DN 124-30
80. DN 124-31
81. DN 124-32
82. DN 124-33
83. DN 124-34
84. DN 124-35
85. DN 124-37
86. DN 124-38
87. DN 124-47
88. DN 124-53
89. DN 124-56
90. DN 124-57
91. DN 124-61
92. DN 124-62
93. DN 124-64
94. DN 124-71
95. DN 126-1
96. DN 126-2
97. DN 126-3
98. DN 126-4
99. DN 126-5
100. DN 126-6
101. DN 126-7

102. DN 126-8
103. DN 126-10
104. DN 126-11
105. DN 126-12
106. DN 126-13
107. DN 126-14
108. DN 126-16
109. DN 126-17
110. DN 126-18
111. DN 126-19
112. DN 126-21
113. DN 126-23
114. DN 126-24
115. DN 126-29
116. DN 126-30
117. DN 126-31
118. DN 126-33
119. DN 126-34
120. DN 126-35
121. DN 126-36
122. DN 128-2
123. DN 128-3
124. DN 128-21
125. DN 128-22
126. DN 128-28
127. DN 128-29
128. DN 128-30
129. DN 128-31
130. DN 128-32
131. DN 128-33
132. DN 128-34
133. DN 133
134. DN 133-1
135. DN 133-3
136. DN 133-4
137. DN 133-5
138. DN 133-7
139. DN 133-10
140. DN 133-12
141. DN 133-13

| 142. | DN 133-14 | 174. | DN 135-23 | 206. | DN 165-33 |
|---|---|---|---|---|---|
| 143. | DN 133-16 | 175. | DN 135-24 | 207. | DN 165-37 |
| 144. | DN 133-17 | 176. | DN 135-25 | 208. | DN 179-10 |
| 145. | DN 133-18 | 177. | DN 135-26 | 209. | DN 179-11 |
| 146. | DN 133-19 | 178. | DN 135-28 | 210. | DN 181-1 |
| 147. | DN 133-22 | 179. | DN 135-29 | 211. | DN 181-2 |
| 148. | DN 133-23 | 180. | DN 135-30 | 212. | DN 190-8 |
| 149. | DN 133-25 | 181. | DN 135-34 | 213. | DN 190-10 |
| 150. | DN 133-26 | 182. | DN 135-37 | 214. | DN 191-3 |
| 151. | DN 133-30 | 183. | DN 137 | 215. | DN 191-4 |
| 152. | DN 133-33 | 184. | DN 137-6 | 216. | DN 192-5 |
| 153. | DN 133-37 | 185. | DN 137-7 | 217. | DN 192-13 |
| 154. | DN 133-42 | 186. | DN 137-8 | 218. | DN 192-15 |
| 155. | DN 133-46 | 187. | DN 138 | 219. | DN 192-18 |
| 156. | DN 133-47 | 188. | DN 139-1 | 220. | DN 194-1 |
| 157. | DN 133-48 | 189. | DN 139-2 | 221. | DN 194-2 |
| 158. | DN 133-53 | 190. | DN 165-1 | 222. | DN 194-3 |
| 159. | DN 133-54 | 191. | DN 165-2 | 223. | DN 194-5 |
| 160. | DN 133-56 | 192. | DN 165-4 | 224. | DN 201-1 |
| 161. | DN 133-57 | 193. | DN 165-5 | 225. | DN 201-2 |
| 162. | DN 133-61 | 194. | DN 165-6 | 226. | DN 201-3 |
| 163. | DN 133-63 | 195. | DN 165-7 | 227. | DN 201-4 |
| 164. | DN 135 | 196. | DN 165-8 | 228. | DN 204-1 |
| 165. | DN 135-1 | 197. | DN 165-10 | 229. | DN 204-2 |
| 166. | DN 135-4 | 198. | DN 165-11 | 230. | DN 204-3 |
| 167. | DN 135-5 | 199. | DN 165-12 | 231. | DN 204-4 |
| 168. | DN 135-7 | 200. | DN 165-21 | 232. | DN 204-5 |
| 169. | DN 135-8 | 201. | DN 165-25 | 233. | DN 204-9 |
| 170. | DN 135-9 | 202. | DN 165-26 | 234. | DN 204-10 |
| 171. | DN 135-10 | 203. | DN 165-27 | 235. | DN 204-11 |
| 172. | DN 135-11 | 204. | DN 165-28 | 236. | DN 204-12 |
| 173. | DN 135-22 | 205. | DN 165-29 | 237. | DN 204-13 |

## VII.

**DN 210**: Jarrow Formulas moves to maintain seal on two documents that are currently under

seal.  Those documents are:

    **1.**  DN 191-7; and

**2.** DN 191-9.

Jarrow Formulas also moves for leave to file redacted public versions of twenty-three documents.  They include:

1. DN 61-2;
2. DN 61-16;
3. DN 61-17;
4. DN 73-6;
5. DN 80-10;
6. DN 124-4;
7. DN 124-8;
8. DN 124-9;
9. DN 124-62;
10. DN 124-70;
11. DN 124-73;
12. DN 133-6;
13. DN 137-3;
14. DN 165-39;
15. DN 165-42;
16. DN 190-7;
17. DN 190-14;
18. DN 191-2;
19. DN 191-5;
20. DN 191-12;
21. DN 191-18; and
22. DN 204-7.

## VIII.

**DN 217**: Jarrow Formulas moves to seal its response in opposition (DN 218-1) to Caudill Seed's motion to maintain documents under seal (DN 209).

**Order**

I.    The Court **GRANTS in part** and **DENIES in part** Jarrow Formulas's motion to
seal (DN 193) exhibits in support of its motion to compel.  Specifically, the Court
**DENIES** Jarrow Formulas's motion to seal DNs 194-1, 194-2, 194-3, and 194-5.
The Court **DENIES as moot** Jarrow Formulas's motion to seal DN 194-4.  The
Court **GRANTS** the motion as to the remainder of the exhibits.   The Court
**DIRECTS** the Clerk of Court to **SEAL** DN 194-1, DN 194-2, DN 194-3, and DN
194-5.

II.   The Court **GRANTS in part** and **DENIES in part** Caudill Seed's motion to seal
(DN 197) exhibits in support of its motion to compel.  The Court **DENIES as
moot** Caudill Seed's motion to seal DNs 191-2, 191-5, 191-6, 191-8, 191-10,
191-11, 191-13, 191-14, 191-15, 191-16, 191-17, and 191-19.   The Court
**GRANTS** the motion to seal the remainder of the exhibits.  The Court **DIRECTS**
the Clerk of Court to **SEAL** DN 191-3, DN 191-4, DN 191-7, DN 191-9, DN
191-12, and DN 191-18.

III.  The Court **GRANTS** Caudill Seed's motion to seal (DN 200) exhibits in support
of its response to Jarrow Formulas's motion to compel.  The Court **DIRECTS** the
Clerk of Court to **SEAL** the following documents: DN 201-1; DN 201-2; DN
201-3; and 201-4.

IV.   The Court **GRANTS in part** and **DENIES in part** Jarrow Formulas's motion to
seal (DN 203) exhibits in support of its response to Caudill Seed's motion to
compel. The Court **DENIES as moot** Jarrow Formulas's motion to seal DNs 204-
6, 204-14, 204-15, 204-16, and 204-17.  The Court **GRANTS** the motion as to the

remainder of the exhibits. The Court **DIRECTS** the Clerk of Court to **SEAL** DN 204-1, DN 204-2, DN 204-3, DN 204-4, DN 204-5, DN 204-6, DN 204-7, DN 204-8, DN 204-9, DN 204-10, DN 204-11, DN 204-12, DN 204-13, DN 204-14, DN 204-15, DN 204-16, and DN 204-17.

V.   The Court **DENIES** Caudill Seed's motion to seal its memorandum in support of its motion to maintain the seal on the documents already under seal.

VI.   The Court **GRANTS in part** and **DENIES in part** Caudill Seed's motion to maintain the seal on the documents already under seal (DN 209). The Court **DENIES** Caudill Seed's motion to seal DN 66-1, but **GRANTS** the motion as to the remainder of the documents.

VII.   The Court **GRANTS** Jarrow Formulas's motion to maintain documents under seal (DN 210). The Court **GRANTS** Jarrow Formulas leave to file the following documents in redacted form: DN 61-2; DN 61-16; DN 61-17; DN 73-6; DN 80-10; DN 124-4; DN 124-8; DN 124-9; DN 124-62; DN 124-70; DN 124-73; DN 133-6; DN 137-3; DN 165-39; DN 165-42; DN 190-7; DN 190-14; DN 191-2; DN 191-5; DN 191-12; DN 191-18; and DN 204-7.

VIII.   The Court **DENIES** Jarrow Formulas's motion to seal its response in opposition to Caudill Seed's motion to maintain the seal on the documents already under seal (DN 217).