UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**CAUDILL SEED AND**
**WAREHOUSE COMPANY, INC.,**                                            Plaintiff

v.                                                                     Case No. 3:13-cv-82-CRS-CHL

**JARROW FORMULAS, INC.,**                                              Defendant

## Memorandum Opinion and Order

The parties are Caudill Seed and Warehouse Company, Inc. ("Caudill Seed") and Jarrow Formulas, Inc. ("Jarrow Formulas"). Caudill Seed moves for clarification of the Court's November 17, 2016 order. (DN 211.) The Court will grant in part and deny in part Caudill Seed's motion.

Specifically, Caudill Seed asks whether that order permits the parties to file response briefs to the motions to seal (DNs 209 & 210) filed on February 3, 2017. (*Id.*, #13292.) Caudill also asks "whether the Court otherwise wishes to receive substantive response briefs." (DN 211, #13292.)

Jarrow Formulas opposes the motion to clarify. (DN 213.) Jarrow Formulas says that the Court's order was clear, and that "it is axiomatic that an opposing party in litigation is entitled to file an opposition if it believes that the relief sought in a motion filed by another party should be denied." (*Id.*, #13315.)

Caudill Seed replied. (DN 214.) Caudill Seed argues that Jarrow Formulas seeks to turn briefing on whether documents should remain sealed into a "mini trial." (*Id.*, #13327.) Moreover, a Jarrow Formulas response brief will not be helpful in balancing the public interest because Jarrow's brief will advocate only its own interest, not that of the public. (*Id.*, #13328.)

The Court will grant Caudill Seed's motion to the extent it seeks clarification on whether the November 17, 2016 order permits response briefs. The Court's November 17, 2016 order did not prohibit response briefs; thus, by implication, the Court's November 17, 2016 permitted response briefs.

The Court will deny the motion to the extent it asks the Court to clarify that the November 17, 2016 order prohibited response briefs. Response briefs are a vital part of the adversarial process. Absent an explicit court order barring response briefs, the parties are free to—and indeed, *should*—respond in opposition when their adversaries ask for relief they oppose. As Jarrow Formulas aptly stated, "The truth cannot be vindicated in an adversarial process where one of the participants in that process is silenced." (DN 213, #13315.)

The Court will grant the motion to the extent it seeks clarification for whether it otherwise wants to receive substantive response briefs. The Court will say only that short, concise response briefs *may* be helpful in its analysis. But, the parties are reminded of their duty to employ the Federal Rules of Civil Procedure to "secure the just, speedy, and inexpensive determination" of this action. Fed. R. Civ. P. 1.

For these reasons, the Court **GRANTS in part** and **DENIES in part** Caudill Seed's motion to clarify (DN 211).