# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

**CAUDILL SEED AND**
**WAREHOUSE COMPANY, INC.**                                                **PLAINTIFF**

**v.**                                                **CIVIL ACTION NO. 3:13-CV-82-CRS**

**JARROW FORMULAS, INC.**                                                **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

**I.     Introduction**

This case is before the Court for a determination regarding the unending saga of sealed documents in this case. The parties, the magistrate judge, and the undersigned have spent a hefty amount of time and effort sealing and unsealing documents. Following another extensive review, the Court will order some documents unsealed, while keeping others under seal.

**II.    Procedural Background**

The magistrate *sua sponte* ordered the parties to confer, submit a joint status report listing the documents the parties agreed to unseal and, to the extent there was disagreement on sealing the remaining documents, brief the issues. DN 177. The parties filed their joint status report listing documents they agreed to unseal. DN 208, 212. The magistrate ordered those documents unsealed. DN 240.

Caudill filed its motion to maintain documents under seal. DN 209. Jarrow responded in opposition. DN 218. Caudill replied. DN 220. Jarrow also filed its own motion requesting to file redacted documents and to maintain certain documents under seal. DN 210. Caudill had no objection except to the unsealing of documents which it had requested remain sealed. DN 215. The magistrate issued his opinion on the issue unsealing certain documents and leaving others

1

under seal. DN 239. Jarrow objected to a number of those rulings. DN 243. Caudill responded in opposition to those objections. DN 274. The Court thus restricts its review to the items to which Jarrow objects.

**III.     Discussion**

Generally, there is a "strong presumption" in favor of open court records. *Rudd Equip. Co. v. John Deere*, 834 F.3d 589, 593 (6th Cir. 2016). "In civil cases, as much as in criminal matters, the resolution of private disputes frequently involves issues and remedies affecting third parties or the general public, and secrecy serves only to insulate the participants, mask impropriety, obscure incompetence, and conceal corruption." *Id.* at 593 (cleaned up).

Sealing should occur only when there is a "compelling reason why certain documents or portions thereof should be sealed." *Id.* (citing *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016)). Even then, "the seal itself must be narrowly tailored to serve that reason," and should "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 594 (citing *Shane Grp.*, 825 F.3d at 305). Valid reasons for sealing could include court records that are "sources of business information that might harm a litigant's competitive standing," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978), as well as "trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of sexual assault)," *Rudd*, 834 F.3d at 589.

In undertaking this analysis, however, the Court must remain mindful that the issue in the case revolves around trade secret misappropriation. In those cases, "[t]he strong presumption of access is improper." Kyle J. Mendenhall, *Can You Keep a Secret?*, 62 DRAKE L. REV. 885, 910 (2014). Instead, "[d]istrict courts should be able to use their sound discretion in weighing the

competing interests for and against sealing court documents without such a misbalanced starting presumption." *Id*. That is important in trade secret cases because there is an inherent "discord between litigating to protect confidential information and disclosing that same confidential information during the litigation." *United States v. Roberts*, No. 3:08-CR-175, 2010 WL 1010000, at *5 (E.D. Tenn. March 17, 2010). "It would, of course, be idle to the point of flat absurdity for the trial judge to compel the plaintiff to publicly disclose its processes in the act of protecting them from disclosure." *Id*. (citation omitted). Otherwise, the Court sets a plaintiff alleging misappropriation of trade secrets sailing 'twixt Scylla and Charybdis.

Put simply, where the issue boils down to the "plaintiff claiming the processes were secret, but the defendant claiming they were not," unsealing the documents is improper. *Id*. This is so because the Court's decision on sealing should be "completely separate" from the merits of the case or admissibility of the evidence. *Rudd*, 834 F.3d at 593. However, a ruling unsealing a document which contains an alleged trade secret implicates a merits issue because the Court would be required to necessarily determine that the item is not a trade secret. *Id.*

In this case, Caudill has survived summary judgement on its remaining trade secret claims. *See* DN 145. That means that Caudill has produced sufficient evidence to create a genuine issue of material fact as to whether its alleged trade secrets are, in fact, trade secrets. *See* FED. R. CIV. P. 56. Therefore, to the extent that Caudill alleges a document contains a trade secret and it appears to the Court that a genuine issue of material fact exists as to whether that information is a trade secret, the Court will maintain the seal on the document rather than implicate itself in an improper ruling on the merits of Caudill's claims.

The parties have briefed the issue utilizing a table. The Court finds that method also appropriate to organize its specific reasoning for sealing or unsealing.

3

| Tab | DNs | Reasoning |
|---|---|---|
| 1 | 38<br>43<br>78-1<br>80-8<br>124-3<br>126-4<br>133-5 | These documents contain deposition transcripts from Dan Caudill. DNs 38 and 43 involve testimony regarding the location of the lab notebook and hard drive at issue in the case. No portion of those documents appears to represent Caudill's alleged trade secret, privileged, or proprietary and confidential business information. Therefore, they will be unsealed.<br><br>DNs 78-1, 80-8, 124-3, 126-4, and 133-5 contain information about Caudill's manufacturing processes. Caudill has created a genuine issue of material fact as to whether this is a trade secret. DN 145. There is a compelling interest in protecting disclosure of alleged trade secrets, as such disclosure could cause irreparable harm. *See Rudd*, 834 F.3d 589. Therefore, this information will remain sealed. |
| 2/50 | 61-18<br>124-37<br>133-13<br>124-38<br>126-14<br>133-13 | These documents contain e-mails that include a list of Caudill's customers. Caudill has created a genuine issue of material fact as to whether this is a trade secret. DN 145. There is a compelling interest in protecting disclosure of alleged trade secrets, as such disclosure could cause irreparable harm. *See Rudd*, 834 F.3d 589. Further, such business information might harm Caudill's competitive standing. *See Nixon*, 435 U.S. at 598. Therefore, this information will remain sealed. |
| 5 | 69<br>71-8<br>78-11<br>86-1<br>126-5<br>133-19<br>135-4<br>165-1<br>181-1<br>194-2 | These documents contain deposition transcripts filed unsealed in a state court case with limited redactions. No portion of those documents appears to represent Caudill's alleged trade secret, privileged, or proprietary and confidential business information. Therefore, counsel shall substitute redacted copies which will be unsealed. |
| 9 | 78-3<br>80-9<br>126-23<br>128-28<br>133-16 | These documents contain deposition transcripts filed unsealed in a state court case with limited redactions. No portion of those documents appears to represent Caudill's alleged trade secret, privileged, or proprietary and confidential business information. Therefore, counsel shall substitute redacted copies which will be unsealed. |
| 10 | 78-10<br>126-7<br>135-37<br>204-12 | These documents contain deposition transcripts filed unsealed in a state court case with limited redactions. No portion of those documents appears to represent Caudill's alleged trade secret, privileged, or proprietary and confidential business information. Therefore, counsel shall substitute redacted copies which will be unsealed. |
| 15 | 100-7<br>100-8<br>100-9 | These documents contain an e-mail between counsel with expert reports attached. DN 100-7 contains an e-mail from Jarrow's counsel to Caudill's counsel (at the time). No portion of this document appears to represent Caudill's alleged trade secret, privileged, or proprietary and confidential business information. Therefore, it will be unsealed. |

| | | |
|---|---|---|
| | | DNs 100-8 and 100-9 contain expert reports of Jarrow's experts, Andrew Chambers and Charles Staff, discussing Caudill's processes. Caudill has created a genuine issue of material fact as to whether this is a trade secret. DN 145. There is a compelling interest in protecting disclosure of alleged trade secrets, as such disclosure could cause irreparable harm. *See Rudd*, 834 F.3d 589. Therefore, this information will remain sealed. |
| 17 | 124-2<br>126-2<br>128-2<br>133-4<br>139-1<br>181-2<br>194-3<br>204-2 | These documents contain deposition transcripts taken from Joseph Lyons. During his testimony, Lyons discusses Caudill's manufacturing processes. Caudill has created a genuine issue of material fact as to whether this is a trade secret. DN 145. There is a compelling interest in protecting disclosure of alleged trade secrets, as such disclosure could cause irreparable harm. *See Rudd*, 834 F.3d 589. Therefore, this information will remain sealed. |
| 18 | 124-10<br>133-23 | These documents contain an e-mail from Ashurst to Jarrow while he was employed by Caudill which discusses Caudill's formulas and processes, as well as commentary and notation on a research monograph. Caudill has created a genuine issue of material fact as to whether this is a trade secret. DN 145. There is a compelling interest in protecting disclosure of alleged trade secrets, as such disclosure could cause irreparable harm. *See Rudd*, 834 F.3d 589. Therefore, this information will remain sealed. |
| 19 | 124-28<br>124-29<br>124-30<br>124-31<br>124-32<br>124-33<br>124-34<br>124-35<br>126-8<br>133-33 | These documents contain public research and publicly available patents. No portion of those documents appears to represent Caudill's alleged trade secret, privileged, or proprietary and confidential business information. Therefore, it will be unsealed. |
| 20/33 | 124-47<br>133-42 | These documents contain a market analysis involving Jarrow's assumptions regarding pricing. Caudill has created a genuine issue of material fact as to whether this is a trade secret. DN 145. There is a compelling interest in protecting disclosure of alleged trade secrets, as such disclosure could cause irreparable harm. *See Rudd*, 834 F.3d 589. Therefore, this information will remain sealed. |
| 25 | 126-3<br>133-17 | These documents contain deposition transcripts from Richard Sullivan. During his testimony, Sullivan primarily details his search for the notebook and hard drive at issue in this case. No portion of those documents appears to represent Caudill's alleged trade secret, privileged, or proprietary and confidential business information. Therefore, they will be unsealed. |
| 26 | 126-6<br>133-18 | These documents contain deposition transcripts from Laura Putnam. During her testimony, Putnam primarily details her search for the notebook and hard drive at issue in this case. No portion of those documents appears to |

| | | |
|---|---|---|
| | | represent Caudill's alleged trade secret, privileged, or proprietary and confidential business information. Therefore, they will be unsealed. |
| 27 | 126-11 124-4 | These documents contain deposition transcripts from Jarrow Rogovin. During his testimony, Rogovin discusses documents he received from Ashurst, but does not detail the substance of those documents. No portion of those documents appears to represent Caudill's alleged trade secret, privileged, or proprietary and confidential business information. Therefore, they will be unsealed. |
| 30 | 128-21 | This document contains a declaration from Kean Ashurst and an attached PowerPoint presentation. Specifically, the documents contain information on Caudill's business, including Caudill's customers. Caudill has created a genuine issue of material fact as to whether this is a trade secret. DN 145. There is a compelling interest in protecting disclosure of alleged trade secrets, as such disclosure could cause irreparable harm. *See Rudd*, 834 F.3d 589. Further, such business information might harm Caudill's competitive standing. *See Nixon*, 435 U.S. at 598. Therefore, this information will remain sealed. |
| 31 | 133-14 | This document contains an exchange between Jarrow consultants discussing the purchase price of Caudill's products. Caudill has created a genuine issue of material fact as to whether this is a trade secret. DN 145. There is a compelling interest in protecting disclosure of alleged trade secrets, as such disclosure could cause irreparable harm. *See Rudd*, 834 F.3d 589. Further, such business information might harm Caudill's competitive standing. *See Nixon*, 435 U.S. at 598. Therefore, this information will remain sealed. |
| 32 | 133-30 | This document contains an e-mail with attachments regarding results of Caudill's testing. Caudill has created a genuine issue of material fact as to whether this is a trade secret. DN 145. There is a compelling interest in protecting disclosure of alleged trade secrets, as such disclosure could cause irreparable harm. *See Rudd*, 834 F.3d 589. Therefore, this information will remain sealed. |
| 34 | 133-61 135-1 126-12 | These documents contain deposition transcripts from Leslie West. During his testimony, Jarrow discusses Caudill's manufacturing processes. Caudill has created a genuine issue of material fact as to whether this is a trade secret. DN 145. There is a compelling interest in protecting disclosure of alleged trade secrets, as such disclosure could cause irreparable harm. *See Rudd*, 834 F.3d 589. Therefore, this information will remain sealed. |
| 41 | 128-22 135-26 137-6 139-2 165-4 124-8 126-10 133-3 124-5 133-1 | These documents contain deposition transcripts from Kean Ashurst. In DNs 128-22, 135-26, 137-6, 139-2, 165-4, 124-8, 126-10, 133-3, 124-5, 133-1, and 133-37, Ashurst discusses Caudill's production processes. Caudill has created a genuine issue of material fact as to whether this is a trade secret. DN 145. There is a compelling interest in protecting disclosure of alleged trade secrets, as such disclosure could cause irreparable harm. *See Rudd*, 834 F.3d 589. Therefore, this information will remain sealed.<br><br>In DN 204-13, however, the discussion is limited to a meeting held with Dan Caudill at a restaurant. No portion of that document appears to represent |

| | 133-37 | Caudill's alleged trade secret, privileged, or proprietary and confidential business information. Therefore, it will be unsealed. |
| | 204-13 | |
| 44 | 194-5 | This document contains a redacted certificate of analysis. Caudill has created a genuine issue of material fact as to whether this is a trade secret. DN 145. There is a compelling interest in protecting disclosure of alleged trade secrets, as such disclosure could cause irreparable harm. *See Rudd*, 834 F.3d 589. The included redactions are insufficient to warrant public disclosure. Therefore, this information will remain sealed.[1] |
| 45 | 124-11 | These documents contain deposition transcripts from Rebecca Wagner from FONA. During her testimony, Wagner discusses the 2011 genesis of a joint development agreement with Caudill. No portion of that document appears to represent Caudill's alleged trade secret, privileged, or proprietary and confidential business information. Therefore, it will be unsealed. |
| | 133-7 | |
| 46/47 | 61-5 | These documents contain an e-mail from Ashurst to Clouatre discussing Caudill's processes. Caudill has created a genuine issue of material fact as to whether this is a trade secret. DN 145. There is a compelling interest in protecting disclosure of alleged trade secrets, as such disclosure could cause irreparable harm. *See Rudd*, 834 F.3d 589. Therefore, this information will remain sealed. |
| | 124-13 | |
| | 133-12 | |
| | 133-22 | |
| 48 | 61-7 | These documents contain issued patents, a sublicense agreement between Caudill and Brassica, a form letter, and documents drafted by Caudill's attorneys.

DNs 61-7, 78-5, 124-19, 124-20, 124-21, and 133-46 contain only publicly available patent information. No portion of those documents appears to represent Caudill's alleged trade secret, privileged, or proprietary and confidential business information. Therefore, they will be unsealed.

DNs 61-8, 61-9, 78-6, 78-7, 78-8, 124-22, 124-23, 124-24, 133-47, and 133-48 contain documents drafted by Caudill's attorney and confidential sublicense agreements between Caudill and its business partners. There is a compelling interest in protecting the attorney-client privilege, A such disclosure could cause irreparable harm. *See Rudd*, 834 F.3d 589. Further, such business information might harm Caudill's competitive standing. *See Nixon*, 435 U.S. at 598. Therefore, this information will remain sealed. |
| | 61-8 | |
| | 61-9 | |
| | 78-5 | |
| | 78-6 | |
| | 78-7 | |
| | 78-8 | |
| | 124-19 | |
| | 124-20 | |
| | 124-21 | |
| | 124-22 | |
| | 124-23 | |
| | 124-24 | |
| | 133-46 | |
| | 133-47 | |
| | 133-48 | |
| 49 | 61-23 | These documents contain a sublicense agreement between Caudill and Brassica as well as a manufacturing flowchart. Caudill has created a genuine issue of material fact as to whether this is a trade secret. DN 145. There is a compelling interest in protecting disclosure of alleged trade secrets, as such disclosure could cause irreparable harm. *See Rudd*, 834 F.3d 589. Further, such business information might harm Caudill's competitive standing. *See Nixon*, 435 U.S. at 598. Therefore, this information will remain sealed. |
| | 124-61 | |
| | 137-8 | |
| 52/53 | 126-13 | These documents contain e-mails that describe Caudill's processes. Caudill has created a genuine issue of material fact as to whether this is a trade |
| | 133-26 | |

---

[1] The Court will note, however, that Caudill has been ordered to provide unredacted copies to Jarrow's counsel to comply with the agreed protective order in this case. DN 253 at 13–14.

| | | |
|---|---|---|
| | | secret. DN 145. There is a compelling interest in protecting disclosure of alleged trade secrets, as such disclosure could cause irreparable harm. *See Rudd*, 834 F.3d 589. Therefore, this information will remain sealed. |
| 54 | 126-24 128-34 133-57 | These documents contain deposition transcripts from Martin Gallant. During his testimony, Gallant discusses Caudill's purchasing process and pricing information. Caudill has created a genuine issue of material fact as to whether this is a trade secret. DN 145. There is a compelling interest in protecting disclosure of alleged trade secrets, as such disclosure could cause irreparable harm. *See Rudd*, 834 F.3d 589. Further, such business information might harm Caudill's competitive standing. *See Nixon*, 435 U.S. at 598. Therefore, this information will remain sealed. |
| 55 | 126-29 | These documents contain deposition transcripts from Benjamin Khowong. In his testimony, Khowong discusses Caudill's customer list. Caudill has created a genuine issue of material fact as to whether this is a trade secret. DN 145. There is a compelling interest in protecting disclosure of alleged trade secrets, as such disclosure could cause irreparable harm. *See Rudd*, 834 F.3d 589. Further, such business information might harm Caudill's competitive standing. *See Nixon*, 435 U.S. at 598. Therefore, this information will remain sealed. |
| 56 | 126-30 133-10 | These documents contain an e-mail which describes Caudill's manufacturing processes. Caudill has created a genuine issue of material fact as to whether this is a trade secret. DN 145. There is a compelling interest in protecting disclosure of alleged trade secrets, as such disclosure could cause irreparable harm. *See Rudd*, 834 F.3d 589. Therefore, this information will remain sealed. |
| 67 | 191-3 201-2 204-1 | These documents contain the supplemental expert report of Leslie West. In his report, West specifically discusses Caudill's manufacturing processes. Caudill has created a genuine issue of material fact as to whether this is a trade secret. DN 145. There is a compelling interest in protecting disclosure of alleged trade secrets, as such disclosure could cause irreparable harm. *See Rudd*, 834 F.3d 589. Therefore, this information will remain sealed. |
| 68 | 191-4 201-1 204-4 | These documents contain the rebuttal expert report of Leslie West. In his report, West specifically discusses Caudill's manufacturing processes. Caudill has created a genuine issue of material fact as to whether this is a trade secret. DN 145. There is a compelling interest in protecting disclosure of alleged trade secrets, as such disclosure could cause irreparable harm. *See Rudd*, 834 F.3d 589. Therefore, this information will remain sealed. |
| 69 | 126-18 133-25 | These documents contain deposition transcripts of David Slaughter. In his deposition, Slaughter discusses specific processing parameters, times, and temperatures associated with Caudill's manufacturing process. Caudill has created a genuine issue of material fact as to whether this is a trade secret. DN 145. There is a compelling interest in protecting disclosure of alleged trade secrets, as such disclosure could cause irreparable harm. *See Rudd*, 834 F.3d 589. Therefore, this information will remain sealed. |
| 73 | 124-62 | This document contains an e-mail discussing Caudill's testing cost, vendors, and results. Caudill has created a genuine issue of material fact as to whether |

| | | |
|---|---|---|
| | | this is a trade secret. DN 145. There is a compelling interest in protecting disclosure of alleged trade secrets, as such disclosure could cause irreparable harm. *See Rudd*, 834 F.3d 589. Therefore, this information will remain sealed. |
| 75 | 126-19<br>128-29<br>133-56 | These documents contain deposition transcripts from Nutramax. In the deposition, the corporate representative discusses specific pricing information and Caudill's processes for soliciting business. Caudill has created a genuine issue of material fact as to whether this is a trade secret. DN 145. There is a compelling interest in protecting disclosure of alleged trade secrets, as such disclosure could cause irreparable harm. *See Rudd*, 834 F.3d 589. Further, such business information might harm Caudill's competitive standing. *See Nixon*, 435 U.S. at 598. Therefore, this information will remain sealed. |
| 76 | 126-33<br>126-34<br>126-35<br>128-30<br>128-31<br>128-32 | These documents contain e-mails between Caudill and Nutramax. DNs 126-33 and 128-30 contain specific pricing information and Caudill's processes for soliciting business. Caudill has created a genuine issue of material fact as to whether this is a trade secret. DN 145. There is a compelling interest in protecting disclosure of alleged trade secrets, as such disclosure could cause irreparable harm. *See Rudd*, 834 F.3d 589. Further, such business information might harm Caudill's competitive standing. *See Nixon*, 435 U.S. at 598. Therefore, this information will remain sealed.<br><br>DNs 126-34, 126-35, 128-31, and 128-32 lack such information. No portion of those documents appears to represent Caudill's alleged trade secret, privileged, or proprietary and confidential business information. Therefore, they will be unsealed. |
| 77 | 133-53 | This document contains an e-mail from Ashurst. In the e-mail, he discusses specific percentages used in Caudill's manufacturing processes. Caudill has created a genuine issue of material fact as to whether this is a trade secret. DN 145. There is a compelling interest in protecting disclosure of alleged trade secrets, as such disclosure could cause irreparable harm. *See Rudd*, 834 F.3d 589. Therefore, this information will remain sealed. |
| 78 | 201-3 | These documents contain the rebuttal expert report of Kean Ashurst. In his report, Ashurst specifically discusses Caudill's manufacturing processes. Caudill has created a genuine issue of material fact as to whether this is a trade secret. DN 145. There is a compelling interest in protecting disclosure of alleged trade secrets, as such disclosure could cause irreparable harm. *See Rudd*, 834 F.3d 589. Therefore, this information will remain sealed. |
| 81 | 204-9 | This document contains correspondence between Jarrow and one of its vendors which discusses Caudill's manufacturing process. Caudill has created a genuine issue of material fact as to whether this is a trade secret. DN 145. There is a compelling interest in protecting disclosure of alleged trade secrets, as such disclosure could cause irreparable harm. *See Rudd*, 834 F.3d 589. Therefore, this information will remain sealed. |
| 82 | 204-10 | This document contains e-mails and faxes within Jarrow which discusses Caudill's manufacturing process. Caudill has created a genuine issue of |

|  |  | material fact as to whether this is a trade secret. DN 145. There is a compelling interest in protecting disclosure of alleged trade secrets, as such disclosure could cause irreparable harm. *See Rudd*, 834 F.3d 589. Therefore, this information will remain sealed. |
|---|---|---|
| 83 | 204-11 | This document contains e-mails and faxes within Jarrow which discusses Caudill's manufacturing process. Caudill has created a genuine issue of material fact as to whether this is a trade secret. DN 145. There is a compelling interest in protecting disclosure of alleged trade secrets, as such disclosure could cause irreparable harm. *See Rudd*, 834 F.3d 589. Therefore, this information will remain sealed. |

## IV. Order

For the reasons set forth above, and the Court being otherwise sufficiently advised, the Court:

**ORDERS UNSEALED** the sealed documents at DNs 100-7, 124-28, 124-29, 124-30, 124-31, 124-32, 124-33, 124-34, 124-35, 126-8, 133-33, 38, 43, 126-3, 133-17, 126-6, 133-18, 126-11, 124-4, 204-13, 124-11, 133-7, 61-7, 78-5, 124-19, 124-20, 124-21, 133-46, 126-34, 126-35, 128-31, and 128-32.

**ORDERS** counsel to file unsealed, redacted copies of DNs 69, 71-8, 78-11, 86-1, 126-5, 133-19, 135-4, 165-1, 181-1, 194-2, 78-3, 80-9, 126-23, 128-28, 133-16, 78-10, 126-7, 135-37, and 204-12 to substitute the currently sealed versions.

**IT IS SO ORDERED.**

January 18, 2019

Charles R. Simpson III, Senior Judge
United States District Court