UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CAUDILL SEED AND
WAREHOUSE COMPANY, INC.                                              PLAINTIFF

v.                                                 CIVIL ACTION NO. 3:13-CV-82-CRS

JARROW FORMULAS, INC.                                                DEFENDANT

## MEMORANDUM OPINION AND ORDER

**I.  Introduction**

This case is before the Court on Defendant Jarrow Formulas, Inc.'s *Motion for Leave to Take a Two-Hour Rule 30(b)(6) Deposition of Plaintiff and to Compel Production of an Unredacted Email Between Plaintiff and Its Vendor*. DNs 276, 279.[1] Plaintiff Caudill Seed and Warehouse Company, Inc. responded in opposition. DN 282. Jarrow replied. DN 297. Therefore, this matter is ripe for review. Finding that Jarrow is entitled to conduct an additional deposition and that Caudill should be required to provide an unredacted copy of a produced email to the magistrate for review, the Court will grant the motion.

**II.  Factual and Procedural Background**

At the outset of discovery in this case, Jarrow Formulas served a number of requests for admission (RFA). DN 276-3. Two were targeted at determining the specific processes Caudill had used in producing its broccoli seed product:

---

[1] Jarrow also filed an associated *Motion to File Exhibits Under Seal* (DN 277). Caudill Seed had no objection to the motion to seal and, following an *in camera* review of the documents located at DN 278 (sealed), the Court agrees the documents should be sealed, as they contain information appearing to represent proprietary information or trade secrets. *See Rudd Equip. Co. v. John Deere*, 834 F.3d 589, 589 (6th Cir. 2016). For a more in-depth discussion of sealing in this case, see *Caudill Seed and Warehouse Company, Inc. v. Jarrow Formulas, Inc.*, 3:13-CV-82-CRS, 2019 WL 281307, at *1–2 (W.D. Ky. Jan. 22, 2019) (DN 281).

1

> 21. Admit that prior to May 1, 2011, Caudill Seed had not treated broccoli seed using supercritical fluid extraction with carbon dioxide at a pressure of 500 bar and a temperature of 185°F for 2 1/2 hours.
>
> 23. Admit that prior to May 1, 2011, Caudill Seed had not combined (i) broccoli seed treated using supercritical fluid extraction with carbon dioxide at a pressure of 500 bar and a temperature of 185°F for 2 1/2 hours with (ii) broccoli seed treated using supercritical fluid extraction with carbon dioxide at a pressure of 300 bar and a temperature of 140°F.

DN 276-3 at 5–6. Caudill responded to each that "Plaintiff is without sufficient knowledge to admit or deny this allegation and therefore, at this time, must deny it." *Ibid*.

The Court subsequently ordered the parties to supplement discovery responses. DN 166. Caudill supplemented some of its responses, but did not supplement RFAs 21 or 23. Jarrow moved to compel those responses. DN 192. The Court granted the motion, specifically ordering Caudill to file supplemental responses to RFAs 21 and 23. DN 253 at 13. Caudill then filed supplemental responses, stating:

> [RFA 21:] Caudill Seed believes it has treated broccoli seed using supercritical fluid extraction with carbon dioxide at a pressure of 500 bar and a temperature of 185[° F] for 2 1/2 hours. However, Ashurst was in charge of research and development and is one of the few individuals who possess the requisite information. Caudill has timely requested the information from its vendors, and is currently waiting for a response to verify this information. Caudill will supplement its document production with all such non-privileged materials received. In view of the foregoing, this Request is DENIED subject to continued review by Caudill in the course of this proceeding.
>
> [RFA 23:] Caudill Seed believes it has combined (i) broccoli seed treated using supercritical fluid extraction with carbon dioxide at a pressure of 500 bar and a temperature of 185° F for 2 1/2 hours with (ii) broccoli seed treated using supercritical fluid extraction with carbon dioxide at a pressure of 300 bar and a temperature of 140° F. However, Ashurst was in charge of research and development and is one of the few individuals who possess the requisite information. Caudill has timely requested the information from its vendors, and is currently waiting for a response to verify this information. Caudill will supplement its document production with all such non-privileged materials received. In view of the foregoing, this Request is DENIED subject to continued review by Caudill in the course of this proceeding.

DN 276-7 at 11–12.

Jarrow then moved for sanctions based on Caudill's failure to comply with the Court's order to supplement their discovery responses. DN 259. The Court, noting that Caudill "had enough time" to verify its denials, found that Caudill had failed to fully comply with the magistrate judge's order. DN 271 at 14. The Court then ordered that the RFAs would be deemed unequivocally denied unless Caudill unequivocally admitted them. *Id*. at 14–15. Caudill made no supplementation, so the Court deems RFAs 21 and 23 unequivocally denied. Afterward, Caudill produced the documents it had requested from one of its vendors, NATECO2. DN 278-1 (sealed). The document details the specific temperature and pressures used to treat broccoli seed at NATECO2's laboratory in Germany. One page of the document contains a redaction undertaken by Caudill unilaterally.

## III. Discussion

Jarrow's motion contains two interrelated requests. First, Jarrow moves for leave to depose Caudill regarding its processes, the NATECO2 document, and the now-denied RFAs 21 and 23. Second, Jarrow moves to compel the production of an unredacted email from NATECO2 to Caudill.

### A. Motion to Take a Rule 30(b)(6) Deposition

In determining whether a deposition should be permitted after the close of discovery, the Court applies the standard for amending a scheduling order found in Federal Rule of Civil Procedure 16(b)(4). That rule provides that the "schedule may be modified only for good cause." F. R. CIV. P. 16(b)(4). The primary measure of Rule 16's "good cause" standard is the moving party's diligence in attempting to meet the scheduling order's requirements, though courts may also consider prejudice to the nonmoving party. *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002).

The production of new information after a deposition has concluded usually provides sufficient justification for amending the scheduling order and permitting additional depositions. *Babcock Power, Inc. v. Kapsalis*, 3:13-CV-717-CRS, 2015 WL 9257759, at *4 (W.D. Ky. Dec. 17, 2015) (good cause for subsequent deposition when documents later produced were unavailable at the time of the first deposition). *See also G & E Real Estate, Inc. v. Avison Young-Washington, D.C., LLC*, 323 F.R.D. 67, 71 (D.D.C. 2017) ("Given the indisputable fact that additional relevant materials have been produced by Plaintiff after the close of the discovery period, the Court finds good cause for reopening discovery in this case."); *In re Rail Freight Fuel Surcharge Litigation*, 281 F.R.D. 12, 14–15 (D.D.C. 2011) (good cause for additional deposition when documents produced on last day of discovery after first deposition had already occurred). Subsequent depositions are generally limited in scope to topics not covered in the first deposition or to the topics or documents which necessitated the second deposition. *See e.g. Babcock Power*, 2015 WL 9257759, at *4 ("Plaintiffs are warned that they are not to cover topics already covered at the [first] deposition"); *In re Rail Freight Fuel*, 281 F.R.D. at 15 (limiting scope to the disclosed notes and surrounding context).

The parties undertake lengthy arguments as they try to blame each other for the current predicament. For example, a primary dispute seems to be whether Caudill undertook the "reasonable inquiry" mandated by Federal Rule of Civil Procedure 36(a)(4) before asserting a lack of knowledge or information as a reason for failing to admit or deny RFAs 21 and 23.[2]

---

[2] Rule 36 "requires only that the answering party make reasonable inquiry and secure such knowledge and information as are readily obtainable by him." F. R. Civ. P. 36(a) advisory committee's notes on 1970 amendment. Despite Caudill's assertions otherwise, this language is sufficiently sweeping to encompass at least some documents held by third parties. *See Yoder & Frey Auctioneers, Inc. v. EquipmentFacts, LLC*, 774 F.3d 1065, 1076 (6th Cir. 2014) (affirming sanctions where party denying a request for admission was unable to show that it actually inquired of third party's records). Regardless, Caudill conceded that the documents were within its "possession, custody or control." DN 255 at 1. The reasonable inquiry obligation falls only on the responding party. Whether the requesting party could obtain the information independently or whether certain facts are within the requesting party's knowledge is irrelevant. *Diederich v. Dep't of Army*, 132 F.R.D. 614, 616 (S.D.N.Y. 1990).

Caudill also attacks the format of Jarrow's RFAs.[3] However, the issue is much simpler. Jarrow previously conducted a Rule 30(b)(6) deposition of Caudill. Afterward, pursuant to orders of this Court, Caudill requested documents from NATECO2, which it subsequently produced. DN 278-1. The requested information arrived by email on December 8, 2017 and demonstrates that NATECO2 did not treat broccoli at the pressure and temperature described by Jarrow in RFAs 21 and 23. *Id*. at 2–3. Despite that, two weeks later, on December 22, 2017, Caudill represented through supplemental interrogatory responses that it "believed" it had treated broccoli at the pressure and temperature discussed in RFAs 21 and 23 and that it was still waiting for documents from its vendors. DN 276-7 at 11–12. Following the Court's order to unequivocally admit or deny, Caudill did not respond, letting the RFAs be deemed denied.

The purpose of requests for admission is to avoid the time, trouble, and expense associated with proving uncontested issues at trial. Jarrow has repeatedly attempted to get an unequivocal admission or denial out of Caudill on this specific issue, which Caudill has refused to give. Afterward, at the close of the extended discovery period permitted by Court order, Caudill produced a document which directly relates to Caudill's responses to RFAs 21 and 23.

On balance, the Court believes that Jarrow has been diligent in attempting to meet the scheduling order's requirements and that Caudill would not be prejudiced by permitting an additional Rule 30(b)(6) deposition of Caudill. Therefore, the Court will grant the motion for leave to conduct a deposition of Caudill. This deposition will be limited in scope to discussing

---

[3] Caudill argues that it is difficult for it to admit that something never occurred. Some courts have certainly recognized that much. *See e.g. Makaeff v. Trump University, LLC*, No. 10-CV-940-GPC, 2014 WL 3490356, at *9 (S.D. Cal. July 11, 2014) (collecting cases). Jarrow disputes that characterization, arguing that the RFA seeks to ask Caudill whether it has any facts that such an assessment was made. *See Chapman v. Cal. Dep't of Educ.*, No. C-01-1780-CRB, 2002 WL 32854376, at *3 (N.D. Cal. Feb. 6, 2002) ("The upshot of the interrogatories when coupled with the request for admissions is simply to ask whether Defendants have any facts demonstrating, for example, that such an assessment . . . was in fact made"). Regardless, to the extent Caudill believes the RFAs are improper, its objections are waived. F. R. CIV. P. 36(2)(3) (objections to requests for admission must be filed within 30 days).

the content of RFAs 21 and 23, including Caudill's specific processes undertaken through its vendors. The subjects listed in Jarrow's Notice of Deposition are adequately narrow. *See* DN 276-5 at 8–9.

### B. Motion to Compel

Caudill produced an email from its vendor NATECO2 with a redacted block of text. DN 278-1 at 6. In response to Jarrow's motion to compel, Caudill asserts that "[t]he single redacted element that Jarrow complains of in its Motion for Leave relates to ongoing and future product development by Caudill, beyond the scope of anything contemplated in the subject Requests for Admission." DN 282 at 5–6. These issues have arisen before and been promptly resolved by the magistrate. *See Caudill Seed and Warehouse Co., Inc. v. Jarrow Formulas, Inc.*, No. 3:13-CV-82-CRS, 2017 WL 4799815, at *7 (W.D. Ky. Oct. 24, 2017) (DN 253). Therefore, the Court will order Caudill to produce an unredacted version of the email to the magistrate for review and appropriate order in accordance with this Court's previous referral order. DN 157.

## IV. Order

For the reasons set forth above, and the Court being otherwise sufficiently advised, the Court:

**GRANTS** Defendant Jarrow Formulas, Inc.'s *Motion for Leave to Take a Two-Hour Rule 30(B)(6) Deposition of Plaintiff and to Compel Production of an Unredacted Email Between Plaintiff and Its Vendor* (DNs 276, 279) as follows. Caudill is **ORDERED** to designate one or more corporate representatives to give testimony at a Rule 30(b)(6) deposition of no more than two hours on the subjects specified in Jarrow's Notice of Deposition (DN 276-5 at 8–9). Caudill is further **ORDERED** to produce to Magistrate Judge Colin Lindsay **WITHIN SEVEN DAYS** of this Memorandum Opinion and Order an unredacted copy of its email correspondence with

6

NATECO2 bearing the Bates stamp CAUD-SUPP9-000005 and docketed as DN 278-1. The magistrate may enter an appropriate order in accordance with 28 U.S.C. § 636(b)(1)(A).

**GRANTS** Defendant Jarrow Formulas, Inc.'s *Motion to File Exhibits Under Seal* (DN 277).

**IT IS SO ORDERED.**

February 26, 2019

**Charles R. Simpson III, Senior Judge**
**United States District Court**