UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CAUDILL SEED AND
WAREHOUSE COMPANY, INC.                                              PLAINTIFF

v.                                              CIVIL ACTION NO. 3:13-CV-82-CRS

JARROW FORMULAS, INC.                                                DEFENDANT

## MEMORANDUM OPINION AND ORDER

Pursuant to the Court's Pretrial Order (DN 273), the parties have filed pretrial motions in limine. Pending before the Court and resolved in this Memorandum Opinion and Order are:

Caudill's Omnibus Motion in Limine (DN 283)

Jarrow's Motion in Limine to Preclude Lay Opinion Testimony Based on Scientific and Technical Knowledge (DN 290)

Caudill's Motion in Limine to Exclude Witnesses Not Previously Disclosed by Jarrow Formulas, Inc. (DN 298)

Jarrow's Motion in Limine to Preclude Arguments or Suggestion that McCarter & English Participated in Acts of Misappropriation (DN 292)

Jarrow's Motion in Limine to Preclude Evidence of Trade Secret Information Not Described in the Supplemental Response to Interrogatory 1 (DN 289)

Jarrow's Motion in Limine to Preclude Evidence Relating to Alleged Trade Secret Nos. 4 & 5 (DN 288)

Jarrow's Motion in Limine to Preclude Evidence of Alleged Misappropriation Committed Only by Kean Ashurst on Behalf of Jarrow Formulas (DN 293)

The remaining motions in limine will be resolved by separate order.

**I.    Caudill's Omnibus Motion in Limine (DN 283)**

Caudill sets forth thirteen motions in its omnibus motion. Some of Caudill's other motions (those to Preclude Lay Opinion Testimony (DN 290) and to Exclude Witnesses Not

1

Previously Disclosed by Jarrow (DN 298)) are intimately related with aspects of the Omnibus motion. Therefore, as noted below, they are considered concurrently.

### A. Caudill's provisional patent, Jarrow's patents, and decisions of the Patent & Trademark Office or the Patent Trial Appeal Board

As the Court has already made clear, "[p]atent and trade secret law are distinct." *Caudill Seed & Warehouse Co., Inc. v. Jarrow Formulas, Inc.*, No. 3:13-CV-82-CRS, 2017 WL 4364204, at *5 (W.D. Ky. Sept. 29, 2017). Introduction of Caudill's provisional patent, Jarrow's patent, or the reasoning underlying the decisions of the PTO or PTAB would offer nothing to the jury on the subject matter of trade secret protection and would be misleading and unduly confusing to the jury. *Id.*; FED. R. EVID. 401, 402, 403. However, mere evidence that Caudill and Jarrow sought patents which were denied and granted, respectively, could be admissible for limited purposes to be determined in context at trial. Therefore, the motion will be granted in part and denied in part as to this evidence.

### B. Jarrow's allegations that Caudill's provisional patent is "fraudulent"

Evidence regarding the alleged fraudulent nature of Caudill's provisional patent is likely irrelevant and unfairly prejudicial. FED. R. EVID. 401, 402, 403. Further, Jarrow does not object to Caudill's motion on this ground, so long as it is permitted to argue that the process was created from publicly available information which was generally known or readily ascertainable. Such argument by Jarrow is clearly proper. Therefore, without objection, the motion will be granted as to this evidence.

### C. The superiority of the parties' competing broccoli seed pill products (and Jarrow, Inc.'s Motion in Limine to Preclude Lay Opinion Testimony Based on Scientific and Technical Knowledge (DN 290))

The difference between Caudill's and Jarrow's products is relevant to determining whether Jarrow misappropriated Caudill's trade secrets as well as any subsequent damages

experienced by Caudill. This evidence could be properly presented as fact evidence, without reference to Federal Rule of Evidence 701. To the extent a lay witness will offer an opinion, the testimony must comply with Rule 701. Caudill has moved to prevent Jarrow from discussing the superiority of the parties' competing products while Jarrow has moved to preclude lay opinion testimony based on scientific knowledge. At this time, without context, the Court cannot determine whether a lay witness's testimony on those issues would be impermissible. Therefore, the motions will be denied as to this evidence.

### D. Jarrow's previously-dismissed counterclaims

Jarrow's counterclaims, based on Caudill's sale of irradiated broccoli seeds, were all dismissed because the Court found that Jarrow did not suffer any damage. *Caudill Seed & Warehouse Co., Inc. v. Jarrow Formulas, Inc.*, 161 F. Supp. 3d 513, 529–33 (W.D. Ky. 2015). This issue is completely unrelated to Caudill's claims or damages, as the alleged irradiation occurred prior to the alleged misappropriation. It is thus disconnected from the time period for which Caudill claims lost profits and unjust enrichment. As a result, the evidence regarding the counterclaims is irrelevant and confusing. FED. R. EVID. 401, 402, 403. Therefore, the motion will be granted as to this evidence.

### E. Redacted portions of Leslie West's expert report

The Court has previously ordered portions of West's report redacted. *Caudill Seed*, 2017 WL 4364204, at *6–8. The Court determined that West's testimony was impermissible for various reasons. Jarrow does not object to the exclusion of the redacted portions of his report. Regardless, such information is irrelevant and confusing. FED. R. EVID. 401, 402, 403. Therefore, without objection, the motion will be granted as to this evidence.[1]

---

[1] This ruling also applies to the further redactions required in the Court's ruling on Ashurst and West's admissibility.

### F. State litigation and arbitration

The prior litigation between Ashurst and Caudill is irrelevant, as it fails to make it more or less probable that Jarrow misappropriated trade secrets from Caudill. FED. R. EVID. 401, 402. Therefore, the motion will be granted as to this evidence. To the extent Jarrow worries that fault attributable to Ashurst would be applied to Jarrow, the Court is capable of instructing the jury sufficiently on those issues and Jarrow is entitled to argue that Ashurst's action are not attributable to Jarrow.

### G. Caudill's substitute legal counsel

In this case, change in counsel of any party is irrelevant, as it fails to make any fact more or less probable. FED. R. EVID. 401, 402. Jarrow does not object. Therefore, without objection, the motion will be granted as to this evidence. The parties agree that prior counsel's name need not be redacted if documents are offered at trial.

### H. Discovery disputes and related orders

The many discovery disputes in this case are irrelevant, as they fail to make it more or less probable that Jarrow misappropriated trade secrets from Caudill. FED. R. EVID. 401, 402. Therefore, the motion will be granted as to this evidence.

### I. Jarrow Rogovin's legal opinions

Jarrow has indicated it does not seek to assert Rogovin's legal opinions. Regardless, such information would likely be irrelevant, improper opinion testimony. FED. R. EVID. 401, 701. Therefore, without objection, the motion will be granted as to this evidence.

### J. Jarrow Rogovin's personal opinion of Dan Caudill

Jarrow has indicated it does not seek to assert Rogovin's personal opinions about Dan Caudill. Regardless, such information would likely be irrelevant, improper opinion testimony,

and unfairly prejudicial. FED. R. EVID. 401, 403, 701. Therefore, without objection, the motion will be granted as to this evidence.

### K. Claims about what the general public understands about Caudill's trade secrets

Rogovin and others are permitted to testify as fact witnesses regarding information of which they have personal knowledge. FED. R. EVID. 602. They may not testify as to the state of mind of other individuals and may not offer opinion testimony unless it meets the requirements of the Rules. *See* FED. R. EVID. 701, 702. Therefore, the motion will be granted as to this evidence.

### L. FDA letter

The FDA letter is completely unrelated to Caudill's claims or damages, as the alleged irradiation occurred prior to the alleged misappropriation. It is thus disconnected from the time period for which Caudill claims lost profits and unjust enrichment. Further, as this Court has noted, the FDA letter is "informal and advisory and not a final statement of an agency as to legality." *Caudill Seed*, 2017 WL 4364204, at *11. It is "forward-looking from the date of its issuance[ and] does not suggest that any products sold would be recalled or that any products need be taken off the market." *Id*. at *12. Put simply, informal letters of this sort do not determine "rights or obligations, or one from which legal consequences flow." *Holistic Candlers & Consumers Ass'n v. Food & Drug Admin.*, 664 F.3d 940, 944–45 (D.C. Cir. 2012). The letter is irrelevant, confusing, and unduly prejudicial. FED. R. EVID. 401, 403. Therefore, the motion will be granted as to this evidence.

**M. Witnesses or exhibits not previously identified (and Caudill's Motion in Limine to Exclude Witnesses Not Previously Disclosed by Jarrow Formulas, Inc. (DN 298))**

Jarrow failed to disclose Dr. Thomas Bowman, Dr. Anthony Thomas, and Ara Soghomonian prior to naming them on its witness list. *See* DN 298-1; DN 298-2. Jarrow refuses to concede that the individuals are unknown to Caudill but asserts that it intends to call the witnesses only if evidence is admitted at trial on subjects Jarrow could not reasonably anticipate. DN 327 at 1. Jarrow offers no justification for its failure to disclose and makes no argument that these witnesses were known to Caudill. Failure to disclose without good cause results in mandatory exclusion. FED. R. CIV. P. 37(c)(1). Therefore, the motions will be granted.

**II. Jarrow's Motion in Limine to Preclude Arguments or Suggestion that McCarter & English Participated in Acts of Misappropriation (DN 292)**

Caudill may demonstrate misappropriation of its trade secrets by showing that Jarrow used or disclosed Caudill's trade secret without consent and with the knowledge that it was obtained by improper means. KY. REV. STAT. § 365.880(2)(b). Jarrow's disclosure of Caudill's trade secrets to its counsel is therefore relevant. Due to the probative value, exclusion under Rule 403 is also inappropriate. Therefore, the motion will be denied as to this evidence.

**III. Jarrow's Motion in Limine to Preclude Evidence of Trade Secret Information Not Described in the Supplemental Response to Interrogatory 1 (DN 289)**

To the extent Caudill has failed to disclose trade secrets beyond the categories already presented, the evidence is precluded. Jarrow specifically requests the Court preclude evidence of Caudill's use of supercritical fluid extraction and calcium ascorbate. However, throughout this case, Caudill has consistently asserted that supercritical fluid extraction and associated use of calcium ascorbate were part of its process and research, both explicitly claimed trade secrets. As a result, Jarrow cannot now claim surprise. FED. R. CIV. P. 26(e)(1)(A). Further, Jarrow would experience no prejudice, as its expert, Leslie West, opined on the process (DN 286-1 at 7), it

asked Caudill about the process (DN 259-2 at 11–12), and because Jarrow has been permitted to take an additional Rule 30(b)(6) deposition (*Caudill Seed & Warehouse Co., Inc. v. Jarrow Formulas, Inc.*, 3:13-CV-72-CRS, 2019 WL 961985 (W.D. Ky. Feb. 27, 2019)). Therefore, the motion will be granted in part and denied in part. The motion will be denied as to evidence of supercritical fluid extraction and use of calcium ascorbate but granted in all other respects.

IV. **Jarrow's Motion in Limine to Preclude Evidence Relating to Alleged Trade Secret Nos. 4 & 5 (DN 288)**

This Court held that "genuine issues of material fact exist with respect to whether the information so identified constitutes trade secrets, whether Jarrow Formulas made unauthorized use of Caudill's trade secrets, and whether Caudill Seed was injured thereby," concluding that "[a] jury should decide these fact-based issues." *Caudill Seed*, 161 F. Supp. 3d at 524 (DN 145 at 16–17). The jury will determine whether Caudill can prove damages resulting from misappropriation of Caudill's alleged trade secrets after considering the testimony, both expert and lay. Therefore, the motion will be denied as to this evidence.

V. **Jarrow's Motion in Limine to Preclude Evidence of Alleged Misappropriation Committed Only by Kean Ashurst on Behalf of Jarrow Formulas (DN 293)**

Caudill is precluded from arguing that Jarrow is liable based solely on Ashurst's acts as its agent absent some wrongdoing by Jarrow. DN 89 at 11. However, the argument that Jarrow induced Ashurst to take Caudill's trade secrets and that Jarrow then improperly accepted them is not barred. *Id. See also* KY. REV. STAT. § 365.880(2) (multiple definitions of "misappropriation" under KUTSA). Ashurst's activities and knowledge may be examined in making that proof under KUTSA. As a result, evidence of Ashurst's misappropriation is relevant and the prejudice does not substantially outweigh the probative value of the evidence. FED. R. EVID. 402, 403. Therefore, the motion will be denied as to this evidence.

7

## VI. Order

For the reasons set forth above, and the Court being otherwise sufficiently advised, the Court orders:

Caudill's Omnibus Motion in Limine (DN 283) is **GRANTED IN PART AND DENIED IN PART**, as described herein.

Jarrow's Motion in Limine to Preclude Lay Opinion Testimony Based on Scientific and Technical Knowledge (DN 290) is **DENIED**.

Caudill's Motion in Limine to Exclude Witnesses Not Previously Disclosed by Jarrow Formulas, Inc. (DN 298) is **GRANTED**.

Jarrow's Motion in Limine to Preclude Arguments or Suggestion that McCarter & English Participated in Acts of Misappropriation (DN 292) is **DENIED**.

Jarrow's Motion in Limine to Preclude Evidence of Trade Secret Information Not Described in the Supplemental Response to Interrogatory 1 (DN 289) is **GRANTED IN PART AND DENIED IN PART**, as described herein.

Jarrow's Motion in Limine to Preclude Evidence Relating to Alleged Trade Secret Nos. 4 & 5 (DN 288) is **DENIED**.

Jarrow's Motion in Limine to Preclude Evidence of Alleged Misappropriation Committed Only by Kean Ashurst on Behalf of Jarrow Formulas (DN 293) is **DENIED**.

**IT IS SO ORDERED.**