UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**CAUDILL SEED AND**
**WAREHOUSE COMPANY, INC.**                                    **PLAINTIFF**

**v.**                                                  **CIVIL ACTION NO. 3:13-CV-82-CRS**

**JARROW FORMULAS, INC.**                                      **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

Again, "[t]his case is before the Court for a determination regarding the unending saga of sealed documents in this case." *Caudill Seed & Warehouse Co., Inc. v. Jarrow Formulas, Inc.*, No. 3:13-CV-82-CRS, 2019 WL 281307, at *1 (W.D. Ky. Jan. 22, 2019). Specifically, Defendant Jarrow Formulas, Inc. has filed several pending motions to seal. DNs 295, 310, 313, 322, 329, 332, 335. Plaintiff Caudill Seed and Warehouse Company, Inc. has not objected. Therefore, these matters are ripe for review. Ultimately, the Court will: grant the motions to seal at DNs 310 and 335; deny the motions to seal at DNs 295, 322, and 332; and grant in part and deny in part the motions to seal at DNs 313 and 329.

**I.      Legal Standard**

The Court has previously explained the standards governing sealing. *See Caudill Seed*, 2019 WL 281307 at *1–2. Those standards have been recently affirmed by the Sixth Circuit. *See Kondash v. Kia Motors Am., Inc.*, No. 18-3181, 2019 WL 1418168 (6th Cir. March 29, 2019) (slip op.).

"A court's discretion to seal records is bounded by a 'long-established legal tradition' of the 'presumptive right of the public to inspect and copy judicial documents and files.'" *Id.* at *2 (quoting *In re Knoxville News–Sentinel Co., Inc.*, 723 F.2d 470, 474 (6th Cir. 1983)). "The party

1

seeking to seal records has the heavy burden of overcoming that 'strong presumption in favor of openness.'" *Id.* (quoting *Shane Grp., Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 305 (6th Cir. 2016) (additional citation omitted)). To meet this burden, the party must show "(1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Id.* (citing *Shane Grp.*, 825 F.3d at 305 (additional citations omitted)). In undertaking this inquiry, the Court must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* (quoting *Shane Grp.*, 825 F.3d at 305–06 (additional citation omitted)). Valid reasons for sealing could include court records that are "sources of business information that might harm a litigant's competitive standing," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978), as well as documents containing "trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of sexual assault)," *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 589 (6th Cir. 2016).

However, the Court must remain mindful of issues arising in the context of trade secrets. "In those cases, '[t]he strong presumption of access is improper.'" *Caudill Seed*, 2019 WL 281307, at *1 (quoting Kyle J. Mendenhall, *Can You Keep a Secret?*, 62 DRAKE L. REV. 885, 910 (2014)). "Instead, '[d]istrict courts should be able to use their sound discretion in weighing the competing interests for and against sealing court documents without such a misbalanced starting presumption.'" *Id.* (quoting Mendenhall, *supra*, at 910). That is important in trade secret cases because there is an inherent "discord between litigating to protect confidential information and disclosing that same confidential information during the litigation." *Id.* (quoting *United States v. Roberts*, No. 3:08-CR-175, 2010 WL 1010000, at *5 (E.D. Tenn. March 17, 2010)). "It

would, of course, be idle to the point of flat absurdity for the trial judge to compel the plaintiff to publicly disclose its processes in the act of protecting them from disclosure." *Id*. (quoting *Roberts*, 2010 WL 1010000, at *5 (additional citation omitted)). "Otherwise, the Court sets a plaintiff alleging misappropriation of trade secrets sailing 'twixt Scylla and Charybdis." *Id.*

While the Court may consider whether the information is protectable as a trade secret, "the Court's decision on sealing should be 'completely separate' from the merits of the case or admissibility of the evidence." *Caudill Seed*, 2019 WL 281307, at *3 (quoting *Rudd*, 834 F.3d at 593). "Put simply, where the issue boils down to the 'plaintiff claiming the processes were secret, but the defendant claiming they were not,' unsealing the documents is improper." *Id.* (quoting *Roberts*, 2010 WL 1010000, at *5). Since Caudill has survived summary judgment, the Court has already held that "to the extent that Caudill alleges a document contains a trade secret and it appears to the Court that a genuine issue of material fact exists as to whether that information is a trade secret, the Court will maintain the seal on the document rather than implicate itself in an improper ruling on the merits of Caudill's claims." *Caudill Seed*, 2019 WL 281307, at *2. With that frame of reference, the Court must examine each document individually.

## II.  Discussion

### A.  Jarrow's Motion to File Exhibit Under Seal (DN 295)

Jarrow seeks to seal Exhibit G to its Memorandum of Law in Support of Its Motion in Limine to Preclude the Testimony of William Wingate on Compensatory Damages (DN 291-8). The exhibit is a verified complaint which was filed sealed in the underlying state court action. However, in this action the complaint has been previously filed in the record unsealed. *See* DN

124-48. Therefore, the interest in sealing does not outweigh the interest of the public in accessing the records and the motion will be denied.

      **B.**      **Jarrow's Motion to Seal (DN 310)**

Jarrow seeks to seal an unredacted copy of its Memorandum of Law in Opposition to Plaintiff's Motion to Exclude Expert Testimony and Reports of Leslie West and Kean Ashurst; Exhibit A thereto, comprised of deposition testimony of Dr. Leslie West; and Exhibit G thereto, comprised of deposition testimony of Caudill Seed's Rule 30(b)(6) witness Joseph Lyons (DNs 311-1, 311-2, 311-3).

The Court has already found that portions of West's deposition should remain sealed. *Caudill Seed*, 2019 WL 281307, at *2 (leaving tab 34 sealed).[1] Similarly, the excerpted portion of Lyons's deposition have been maintained under seal. *Id.* (leaving tab 17 sealed). The testimony discusses Caudill's manufacturing processes. Caudill has created a genuine issue of material fact as to whether this is a trade secret. There is a compelling interest in protecting disclosure of alleged trade secrets, as such disclosure could cause irreparable harm. *See Rudd*, 834 F.3d at 589. Further, Caudill does not object. Therefore, the motion to seal will be granted.

      **C.**      **Jarrow's Motion to Seal (DN 313)**

Jarrow seeks to seal an unredacted copy of its Memorandum of Law in Opposition to Plaintiff's Omnibus Motion in Limine; an unredacted copy of Exhibit C thereto, comprised of deposition testimony of Kean Ashurst; an unredacted copy of Exhibit D thereto, comprised of deposition testimony of Jarrow Rogovin; Exhibit E thereto, comprised of Caudill business records; Exhibit F thereto, comprised of Caudill business records; Exhibit P thereto, comprised

---

[1] Some of the proposed sealed document has been filed in the record unsealed. *See* DN 286-3 at 2 (deposition page 65 unsealed); *Id*. at 3–4 (deposition pages 200–01 unsealed). The Court declines to order those pages sealed elsewhere, but will not let those instances prevent the Court from granting the properly-presented motion to seal under consideration.

of correspondence of Kean Ashurst; and Exhibit R thereto, comprised of deposition testimony of Caudill Seed's Rule 30(b)(6) witness Joseph Lyons (DNs 314-1, 314-2, 314-3, 314-4, 314-5, 314-6, 314-7).

Most of these issues have already been resolved. The Court has already found that Ashurst's and Lyons's depositions should remain sealed. *Caudill Seed*, 2019 WL 281307, at *2 (leaving tabs 41 and 17 sealed). As to the certificates of analysis, the Court has already ordered similar certificates sealed to protect potential trade secret information. *Id.* (leaving tab 44 sealed). Similarly, the Court has found that the email from Ashurst to Slaughter should remain sealed. *Id.* (leaving tabs 52 and 53 sealed). The testimony and documents all discuss Caudill's manufacturing processes. Caudill has created a genuine issue of material fact as to whether this is a trade secret. There is a compelling interest in protecting disclosure of alleged trade secrets, as such disclosure could cause irreparable harm. *See Rudd*, 834 F.3d at 589. Further, Caudill does not object. Therefore, the motion to seal will be granted with regard to 314-1, 314-2, 314-4, 314-5, 314-6, and 314-7.

In contrast, the Court has already found that portions of Rogovin's deposition should be unsealed. *Caudill Seed*, 2019 WL 281307, at *2 (unsealing tab 27). Further, the proposed sealed portions of Rogovin's testimony have been filed unsealed in the record repeatedly. *See* DN 137-4 at 3 (page 234 unsealed), DN 133-21 at 11 (pages 175–76 unsealed), *Id.* at 18 (page 234 unsealed), DN 126-11 at 22 (page 221 unsealed). As far as the Court can discern, only page 303 has not been filed in the record unsealed. On review of that page, nothing appears to represent trade secret, privileged, or proprietary and confidential business information. Therefore, the motion to seal will be denied with regard to 314-3. An updated redacted copy of Jarrow's

Memorandum of Law in Opposition to Plaintiff's Omnibus Motion in Limine should be filed to comply with this order. *See* DN 312 at 13, 27 (Rogovin deposition testimony redacted).

### D. Jarrow's Motion to Seal (DN 322)

Jarrow seeks to seal an unredacted copy of Exhibit G to its Reply in Support of its Motion in Limine to Preclude Evidence of Alleged Misappropriation Committed Only By Kean Ashurst on Behalf of Jarrow Formulas, comprised of deposition testimony of Kean Ashurst; and Exhibit H to the same, comprised of a letter from Kean Ashurst to Dan Caudill (DNs 323-1, 323-3). Jarrow's proposed redactions on both documents indicate it is to conceal the identity of a Caudill subcontractor. However, the identity of that subcontractor has long been public knowledge. *See Caudill Seed & Warehouse Co, Inc. v. Jarrow Formulas, Inc.*, 161 F. Supp. 3d 513, 518 (W.D. Ky. 2015); *Id.* at 527; *Caudill Seed & Warehouse Co., Inc. v. Jarrow Formulas, Inc.*, No. 3:13-CV-82-CRS, 2018 WL 4688737, at *2 (W.D. Ky. Sept. 28, 2018). Therefore, the interest in sealing does not outweigh the interest of the public in accessing the records and the motion will be denied.

### E. Jarrow's Motion to Seal (DN 329)

Jarrow seeks to seal an unredacted copy of its Reply in Support of its Motion in Limine to Preclude the Testimony of William Wingate on Compensatory Damages; an unredacted copy of Exhibit N thereto, comprised of deposition testimony of William Wingate; an unredacted copy of Exhibit O thereto, comprised of deposition testimony of Joseph Lyons; an unredacted copy of Exhibit P thereto, comprised of deposition testimony of Richard Sullivan; and an unredacted copy of Exhibit S thereto, comprised of deposition testimony of Brian Cornblatt (DNs 330-1, 330-2, 330-3, 330-4, 330-5).

Wingate's and Cornblatt's testimony contain evidence regarding salaries, legal fees, and pricing details. The Court has ordered similar information sealed in other contexts. *Caudill Seed*, 2019 WL 281307, at *2 (leaving tabs 20, 33, 54, 75, and 76 sealed). Such business information should be sealed. *See Nixon*, 435 U.S. at 598. Portions of Lyons's deposition have been previously left sealed by the Court. *Caudill Seed*, 2019 WL 281307, at *2 (leaving tab 17 sealed). The testimony discusses Caudill's manufacturing processes. Caudill has created a genuine issue of material fact as to whether this is a trade secret. There is a compelling interest in protecting disclosure of alleged trade secrets, as such disclosure could cause irreparable harm. *See Rudd*, 834 F.3d at 589. Further, Caudill does not object. Therefore, the motion to seal will be granted as to 330-1, 330-2, 330-3, and 330-5.

Sullivan's testimony, however, contains only vague discussion of Caudill's alleged trade secrets. Jarrow's proposed redactions indicate it is to conceal the identity of a Caudill subcontractor. However, the identity of that subcontractor has long been public knowledge. *See Caudill Seed*, 161 F. Supp. 3d at 518; *Id.* at 527; *Caudill Seed*, 2018 WL 4688737, at *2. Therefore, the interest in sealing does not outweigh the interest of the public in accessing the records and the motion will be denied as to DN 330-4.

An updated redacted copy of Jarrow's Reply in Support of its Motion in Limine to Preclude the Testimony of William Wingate on Compensatory Damages should be filed to comply with this order. *See* DN 312 at 5 (Sullivan deposition testimony redacted).

### F. Jarrow's Motion to Seal (DN 332)

Jarrow seeks to seal an unredacted copy of its Reply in Support of its Motion in Limine to Preclude Evidence Relating to Alleged Trade Secret Nos. 4 & 5; and an unredacted copy of Exhibit I thereto, comprised of deposition testimony of a customer of Caudill (DNs 333, 333-1).

Jarrow's proposed redactions on both documents indicate it is to conceal the identity of a Caudill customer. However, the identity of that customer has already been disclosed in unsealed documents in the record. *See* DN 124-15 at 3; DN 133-41 at 3. Therefore, the interest in sealing does not outweigh the interest of the public in accessing the records and the motion will be denied.

### G. Jarrow's Motion to Seal (DN 335)

Jarrow seeks to seal an unredacted copy of its Reply in Support of its Motion in Limine to Preclude Lay Opinion Testimony Based on Scientific and Technical Knowledge; and an unredacted copy of Exhibit D thereto, comprised of deposition testimony of Darrell Smith (DNs 336, 336-1). The testimony discusses Caudill's manufacturing processes. Caudill has created a genuine issue of material fact as to whether this is a trade secret. There is a compelling interest in protecting disclosure of alleged trade secrets, as such disclosure could cause irreparable harm. *See Rudd*, 834 F.3d at 589. Further, Caudill does not object. Therefore, the motion to seal will be granted.

### III. Conclusion and Order

For the reasons above, and the Court being otherwise sufficiently advised, the Court:

**GRANTS** the motions to seal at DNs 310 and 335.

**DENIES** the motions to seal at DNs 295, 322, 332.

**GRANTS IN PART AND DENIES IN PART** the motions to seal at DNs 313 and 329. The motions are granted with regard to 314-1, 314-2, 314-4, 314-5, 314-6, 314-7, 330-1, 330-2, 330-3, and 330-5. The motions are denied with regard to 314-3 and 330-4.

April 23, 2019

**IT IS SO ORDERED.**



8

Charles R. Simpson III, Senior Judge
United States District Court