UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

FILED
VANESSA L. ARMSTRONG
JUN 2 5 2019
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

**CAUDILL SEED AND
WAREHOUSE COMPANY, INC.**                                    **PLAINTIFF**

v.                                                    CIVIL ACTION NO. 3:13-CV-82-CRS

**JARROW FORMULAS, INC.**                                    **DEFENDANT**

### COURT'S INSTRUCTIONS TO THE JURY

Ladies and Gentlemen:

Now that you have heard all of the evidence, and the argument of the attorneys, it is my duty to give you instructions as to the law applicable in this case.

It is your duty as jurors to follow the law as stated in the instructions, and to apply that law to the facts you find from the evidence.

You are not to single out one instruction alone as stating the law. You must consider the instructions as a whole.

You are not to be concerned with the wisdom of any rule of law stated by the court. You must apply the law given in these instructions whether you agree with it or not.

It is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses, live and by deposition, and the exhibits admitted in the record. It is your own interpretation and recollection of the evidence that controls.

You are permitted to draw reasonable inferences, deductions, and conclusions from the testimony and exhibits which you feel are justified in light of your own common sense.

In saying that you must consider all the evidence, I do not mean to suggest that you must necessarily accept all of the evidence as true or accurate. You are the sole judges of the credibility or believability of each witness, and the weight to be given to the testimony of each witness.

In determining the credibility of any witness, you may properly consider the demeanor of the witness while testifying, frankness or lack of it, and his or her interest in the outcome of the case, if any.

When knowledge of a specialized subject matter may be helpful to the jury, a person having training or experience in the field is permitted to state an opinion. Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

The statements, objections, and arguments made by the lawyers are not evidence. What the lawyers have said to you is not binding upon you.

The weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or nonexistence of any fact. You should be guided in your deliberations by the quality and credibility of the evidence you have heard.

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of

the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

As you have heard in this case, Caudill Seed & Warehouse Company, Inc. claims that Jarrow Formulas, Inc. misappropriated its trade secrets. In these instructions, I will refer to the parties as "Caudill Seed" and "Jarrow Formulas," rather than continually repeating their names in full.

This case should be considered and decided by you as an action between persons of equal standing in the community, holding the same or similar stations in life. A corporation is entitled to the same fair trial at your hands as an individual.

A corporation acts through its officers, employees, and agents.

You should not consider the financial resources of either party in making your decision.

## Trade Secret Misappropriation

Caudill Seed claims that Jarrow Formulas misappropriated its trade secrets in violation of the Kentucky Uniform Trade Secrets Act ("KUTSA"). In order to succeed on this claim, Caudill Seed must prove that each of the following elements is more likely true than not true:

1. That Caudill Seed possessed one or more trade secrets as defined by KUTSA; and

2. That Jarrow Formulas misappropriated one or more of Caudill Seed's trade secrets.

## "Trade Secret" Defined

In considering whether Caudill Seed possessed one or more trade secrets as defined by KUTSA, you will consider the following:

KUTSA defines a trade secret as information, including a formula, pattern, compilation, program, data, device, method, technique, or process, that:

(a) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and

(b) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

Caudill Seed claims that it possessed six trade secrets, as follows:

1. Caudill Seed's research and development related to dietary supplements, broccoli plant material (including seeds and sprouts), and the many years of trial and error research and compilation and analysis of data and technical information related to: (a) the chemical compounds at issue in this case, including glucoraphanin (also known as sulforaphane glucosinolate), myrosinase and sulforaphane; (b) the concentration, isolation and testing of those chemical compounds in broccoli plant material (including seeds and sprouts); (c) the extraction of those chemical compounds from broccoli plant material; and (d) the viable and nonviable processes for producing nutritional supplements, ingredients or other consumer goods derived from broccoli plant material and containing those chemical compounds. Caudill Seed is claiming trade secret protection for its entire body of knowledge developed over the course of many years;

2. A general manufacturing process related to spray-dried myrosinase;

3. A precise process for spray-drying myrosinase and production of a myrosinase-activated glucoraphanin nutritional supplement ingredient, including exact times, quantities, temperatures and pressures, process steps and equipment;

4. Vendor information and vendor relationships developed during Caudill Seed's trial and error work, as well as information on the expenses and processes associated with testing specific compounds;

5. Caudill Seed's customer information, including specific pricing, sales, and contact information; and

6. A hard drive and laboratory notebook containing specific formulations and process parameters (including Trade Secret No. 3, previously described) for broccoli products, and

5

significant amounts, if not all, of Trade Secret No. 1 (previously described) (including all of its internal research, testing and data and at least portions of Caudill Seed's compilation of publicly available research).

You must address each claimed trade secret in determining whether Caudill Seed has proven that it possessed one or more trade secrets.

"Independent economic value" means the claimed trade secret(s) must give Caudill Seed an actual or potential competitive advantage over others. Information that has commercial value from a negative viewpoint, such as the results of lengthy and expensive research which proves that a certain process will not work may be a trade secret, so long as otherwise meets the requirements to be a trade secret. Any advantage to Caudill Seed must arise from the fact that the claimed trade secret(s) are not generally known or readily ascertainable by proper means by others.

Information is "generally known or readily ascertainable by proper means" when it is capable of being legitimately acquired by others without undue difficulty or hardship. Matters that are generally known to the public at large or to people in the relevant trade or business are not trade secrets. It also cannot be a trade secret if the information would be easy to find using publicly available information by persons who can obtain independent economic value through use of the information. However, even if the information could be learned through reverse engineering or compiling several publicly available sources, it may be considered a trade secret if it would be difficult, costly or time-consuming to do so. Examples of readily ascertainable information include trade journals, reference books, published patent applications and patents, and other similar materials.

In deciding whether the information is secret, you should consider whether the information as a whole is a secret, rather than looking at any or even all of its individual components.

Combinations of public information from a variety of different sources, when combined in a unique way, can be a trade secret.

Absolute secrecy is not necessary for information to qualify as a trade secret. Rather, Caudill Seed must demonstrate that it took measures which are "reasonable under the circumstances." Efforts to maintain secrecy which are reasonable under the circumstances will vary, and it is up to you to decide what was reasonable here. Reasonable efforts to maintain secrecy include advising employees of the existence of a trade secret on a "need to know" basis, requiring employees or others involved with the business to sign confidentiality or nondisclosure agreements, and controlling access to the trade secret. Reasonable use of one's trade secrets, including controlled disclosure to employees and licensees, is consistent with the requirement of reasonable secrecy. It is not required that extreme or unduly expensive procedures be taken to protect trade secrets. The presence or absence of any particular step to ensure secrecy is not determinative.

First, you must determine from the evidence whether one or more items of Caudill Seed's information, which have been identified in this instruction, are trade secrets. If you find from the evidence that Caudill Seed possessed one or more trade secrets, you will answer "Yes" on Verdict Form A and indicate which item or items you find are trade secrets. Have your foreperson sign and date the Verdict Form. You will then proceed to consider whether Jarrow Formulas misappropriated that trade secret or secrets by considering the following instruction on "Misappropriation."

If you find from the evidence that Caudill Seed did not possess any trade secrets, you will answer "No" on Verdict Form A. Have your foreperson sign and date the Verdict Form. You will end your deliberations and return to the courtroom.

## "Misappropriation" Defined

In considering whether Jarrow Formulas misappropriated one or more trade secrets as defined by KUTSA, you will consider the following:

"Misappropriation" means either:

(1) Acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means; or

(2) Disclosure or use of a trade secret of another without express or implied consent by a person who did one or more of the following:

    (a) Used improper means to acquire knowledge of the trade secret;

    (b) At the time of disclosure or use, knew or had reason to know that his/her knowledge of the trade secret was derived from or through a person who had utilized improper means to acquire it, acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use, or derived from or through a person who owed a duty to the person to maintain its secrecy or limit its use; or

    (c) Before a material change of his position, knew or had reason to know that it was a trade secret and that knowledge of it had been acquired by accident or mistake.

"Improper means" includes theft, bribery, misrepresentation, and breach or inducement of a breach of a duty to maintain secrecy.

Caudill Seed's KUTSA claim against Jarrow Formulas may not be predicated solely on the acts or omissions of Kean Ashurst, as he is not a defendant in this case. Instead, Caudill Seed must demonstrate that is more likely true than not true that another officer, employee, or agent of Jarrow Formulas did some independent act constituting "misappropriation" as defined within this Instruction.

For each item of information that you found on Verdict Form A to be a trade secret, you must next determine whether the trade secret was misappropriated by Jarrow Formulas. If you find from the evidence that Jarrow Formulas misappropriated one or more trade secrets of Caudill Seed,

8

you will answer "Yes" on Verdict Form B and indicate which item or items you find were misappropriated by Jarrow Formulas. Have your foreperson sign and date the Verdict Form. You will then proceed to consider damages.

If you find from the evidence that Jarrow Formulas did not misappropriate any trade secrets of Caudill Seed, you will answer "No" on Verdict Form B. Have your foreperson sign and date the Verdict Form. You will end your deliberations and return to the courtroom.

## Damages Generally

Caudill Seed is entitled to recover damages which you find from the evidence are reasonably certain in existence and amount. You may not award damages that are remote or speculative, nor may you award damages based on sympathy or guesswork. In determining the amount of damages, if any, that you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. The law does not require that Caudill Seed prove the amount of its losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit. The damages you award must be fair compensation—no more and no less. There is no exact standard for fixing the compensation to be awarded for the damage caused. Any award you make should be fair in light of the evidence presented at trial.

## **Misappropriation of Trade Secrets – Damages**

Under KUTSA, damages may include both the actual loss caused by misappropriation and the unjust enrichment caused by misappropriation that is not taken into account in computing actual loss. In awarding damages, you should not "double count" any aspect of Caudill Seed's damages claim.

"Actual loss" may include lost profits and other related losses. Unaccepted offers, unaccepted price quotes, preliminary negotiations, and unrealistic assumptions as to purchase price generally do not establish a basis for a lost profits damages award. You may rely on unaccepted offers or quotes if you find it more likely true than not true that the parties would have consummated the agreement on those same terms.

If you find that Jarrow Formulas was "unjustly enriched" by the misappropriation you have found on Verdict Form A, then you may award the monetary value that you attribute to that unjust enrichment. That monetary value may include the profits that Jarrow Formulas derived from sales of products utilizing such Caudill Seed trade secret(s) and the value gained or money saved by Jarrow Formulas by not having to expend resources on research and development. When considering the profits that Jarrow Formulas derived from sales of products utilizing Caudill Seed's trade secret(s), you must consider the amount of the profit attributable to the misappropriated trade secret(s) of Caudill Seed and the amount, if any, attributable to other features and apportion damages accordingly, to the extent that such apportionment is supported by the evidence.

Caudill Seed may recover damages for trade secret misappropriation only for the period in which information is entitled to protection as a trade secret plus an additional period, if any, in which Jarrow Formulas retained an advantage over good faith competitors because of the

misappropriation. This period may be measured by the time it would have taken Jarrow Formulas to obtain the information by proper means such as researching publications, reverse engineering, or independent development.

You will indicate on Verdict Form C your award of damages, if any, for the trade secret or trade secrets you have found were misappropriated by Jarrow Formulas (as you have found on Verdict Form B). Have your foreperson sign and date the Verdict Form and proceed to consider the following Special Interrogatory.

## Special Interrogatory – Willful and Malicious Conduct

You will only consider this instruction if you found misappropriation of one or more trade secrets on Verdict Form B.

You must determine from the evidence whether Caudill Seed has proven by clear and convincing evidence that Jarrow Formulas misappropriated one or more of Caudill Seed's trade secrets in a willful and malicious way. "Willful and malicious" means behavior motivated by spite or ill will and a disregard for the rights of another with knowledge of probable injury. Put another way, "willful and malicious" conduct is calculated, deliberate, and reprehensible. Since the claims in this case are directed solely against Jarrow Formulas, the motivation which you must assess under this instruction is only that of officers, employees, or agents of Jarrow Formulas, other than Kean Ashurst.

You will indicate your answer to this question on Verdict Form D and have your foreperson sign and date the Verdict Form. You will end your deliberations and return to the courtroom.

Your verdicts must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdicts must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

During your deliberations, you must not discuss this case with anyone outside the jury, or provide anyone outside the jury with any information about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, iPad, BlackBerry, or computer; the Internet, any Internet service, or any text or instant messaging service; or any Internet chat room, blog, or website such as Facebook, Snapchat, LinkedIn, YouTube, Instagram, or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I have accepted your verdict.

Upon retiring to the jury room, you will select one of your number to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

Forms for verdicts have been prepared for your convenience. You will take these forms to the jury room and, when you have reached unanimous agreement as to your verdicts, you will have your foreperson fill in, date, and sign the forms which set forth the verdicts upon which you unanimously agree with respect to each issue in this case; you will then cease your deliberations and inform the court security officer that you have reached verdicts in the case.

# VERDICT FORM A
## Trade Secrets

| | District |
|---|---|
| 𝕌nited 𝕊tates 𝔻istrict ℂourt | Western District of Kentucky |
| Case Title<br>CAUDILL SEED & WAREHOUSE COMPANY, INC.<br><br>v.<br><br>JARROW FORMULAS, INC. | Docket No.<br><br>CIVIL ACTION NO. 3:13-CV-82-CRS |

Do you believe from the evidence that it is more likely true than not true that Caudill Seed and Warehouse Company, Inc. possessed one or more trade secrets as identified in these Instructions?

_____ Yes, we find that Caudill Seed and Warehouse Company possessed a trade secret with respect to the following items of information:

    _____ Research and Development

    _____ General Process for Spray-Drying Myrosinase

    _____ Specific Process for Spray-Drying Myrosinase

    _____ Vendor Information

    _____ Customer Information

    _____ Laboratory Notebook and Hard Drive

_____ No, we do not find that Caudill Seed and Warehouse Company, Inc. possessed one or more trade secrets as identified in these Instructions.

| Foreperson's Signature | Date |
|---|---|
| | |

# VERDICT FORM B
## Misappropriation of Trade Secrets

| | District |
|---|---|
| 𝕌𝕟𝕚𝕥𝕖𝕕 𝕊𝕥𝕒𝕥𝕖𝕤 𝔻𝕚𝕤𝕥𝕣𝕚𝕔𝕥 ℂ𝕠𝕦𝕣𝕥 | Western District of Kentucky |
| **Case Title**<br>CAUDILL SEED & WAREHOUSE COMPANY, INC.<br>v.<br>JARROW FORMULAS, INC. | **Docket No.**<br><br>CIVIL ACTION NO. 3:13-CV-82-CRS |

For each item of information that you found on Verdict Form A to be a trade secret, do you believe from the evidence that it is more likely true than not true that the defendant, Jarrow Formulas, Inc., misappropriated the trade secret of Caudill Seed and Warehouse Company, Inc.?

_____ Yes, we find that Jarrow Formulas, Inc. misappropriated Caudill Seed and Warehouse Company's trade secrets with respect to the following items of information:

    _____ Research and Development

    _____ General Process for Spray-Drying Myrosinase

    _____ Specific Process for Spray-Drying Myrosinase

    _____ Vendor Information

    _____ Customer Information

    _____ Laboratory Notebook and Hard Drive

_____ No, we do not find that Jarrow Formulas, Inc. misappropriated one or more of Caudill Seed and Warehouse Company, Inc.'s trade secrets.

| Foreperson's Signature | Date |
|---|---|
| | |

## VERDICT FORM C
### Damages

| | |
|---|---|
| **United States District Court** | **District**<br>Western District of Kentucky |
| **Case Title**<br>CAUDILL SEED & WAREHOUSE COMPANY, INC.<br><br>v.<br><br>JARROW FORMULAS, INC. | **Docket No.**<br><br><br>CIVIL ACTION NO. 3:13-CV-82-CRS |

**WE, THE JURY, IN THE ABOVE ENTITLED AND NUMBERED CASE FIND DAMAGES AS FOLLOWS:**

|  | Actual Losses | Unjust Enrichment |
|---|---|---|
| Research and Development | $_____ | $_____ |
| General Process for Spray-Drying Myrosinase | $_____ | $_____ |
| Specific Process for Spray-Drying Myrosinase | $_____ | $_____ |
| Vendor Information | $_____ | $_____ |
| Customer Information | $_____ | $_____ |
| Laboratory Notebook and Hard Drive | $_____ | $_____ |
| Subtotal: | $_____ | $_____ |
| Total: | | $_____ |

(not to exceed $9,716,705.00)

| Foreperson's Signature | Date |
|---|---|
| | |

# VERDICT FORM D
## Special Interrogatory to the Jury

| | District |
|---|---|
| **United States District Court** | Western District of Kentucky |
| **Case Title**<br>CAUDILL SEED & WAREHOUSE COMPANY, INC.<br><br>v.<br><br>JARROW FORMULAS, INC. | **Docket No.**<br><br><br>CIVIL ACTION NO. 3:13-CV-82-CRS |

Do you believe that Caudill Seed & Warehouse Company, Inc. has shown by clear and convincing evidence that the misappropriation of trade secrets by defendant, Jarrow Formulas, Inc., was willful and malicious?

_____ Yes, we find that Jarrow Formulas, Inc. willfully and maliciously misappropriated Caudill Seed and Warehouse Company, Inc.'s trade secrets with respect to the following items of information:

_____ Research and Development

_____ General Process for Spray-Drying Myrosinase

_____ Specific Process for Spray-Drying Myrosinase

_____ Vendor Information

_____ Customer Information

_____ Laboratory Notebook and Hard Drive

_____ No, we do not find that Jarrow Formulas, Inc. willfully and maliciously misappropriated one or more of Caudill Seed and Warehouse Company Inc.'s trade secrets.

| Foreperson's Signature | Date |
|---|---|
| | |