UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| CAUDILL SEED and WAREHOUSE ) <br> COMPANY, INC. d/b/a CAUDILL SEED ) <br> COMPANY, ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JARROW FORMULAS, INC., ) <br> ) <br>     Defendant. ) | Civil Action No. 3:13-CV-82-CRS-CHL <br><br> *Electronically Filed* |

## **MOTION FOR SANCTIONS AGAINST JARROW FORMULAS, INC.**

Caudill Seed and Warehouse Company, Inc. ("Caudill Seed") by counsel, and pursuant to Fed. R. Civ. P. 37, 18 U.S.C. § 401, and the Court's inherent powers, respectfully moves this Court for an Order sanctioning Jarrow Formulas, Inc. ("Jarrow") for violation of Court Orders. In support of its request, Caudill states as follows:

## **INTRODUCTION**

In the nine months since a jury found that Jarrow willfully and maliciously misappropriated Caudill's trade secrets, Jarrow has violated no less than four Orders of this Court governing the confidentiality of Caudill's trade secret information. First, Jarrow violated a Protective Order and Sealing Order when it opposed attempts to restrict public access to Caudill's confidential information used in the action styled *McCarter & English LLP v. Jarrow Formulas, Inc.*, No. 3:19-CV-1124-MPS (D. Conn., filed July 22, 2019) (the "Connecticut Action"). Second, Jarrow violated the Protective Order and two Sealing Orders when it disclosed sealed documents to its expert retained in the Connecticut Action. Finally, Jarrow

violated a discovery Order when it subpoenaed Caudill's confidential information without first requesting permission from this Court.

Plainly, the entry of a jury verdict finding willful and malicious misappropriation has not deterred Jarrow from mishandling Caudill's proprietary information and disregarding Caudill's rights. Because of Jarrow's cavalier attitude towards Court Orders, Caudill's trade secret information remains in the public record in the Connecticut Action, threatening immediate harm to Caudill. Caudill also continues to incur attorneys' fees attempting to rectify Jarrow's misdeeds and prevent the continued public dissemination of its proprietary information. In view of this, Caudill requests that this Court sanction Jarrow for its ongoing violations of this Court's Orders and blatant disregard for Caudill's rights.

## ANALYSIS

Generally, "the power to hold parties in civil contempt, i.e., to assess fines or order imprisonment, ensures that courts can coerce compliance with their decisions and remedy harms caused by past noncompliance." *Hutchison-Corbin v. Burton*, No. 1:09-CV-52-M, 2009 U.S. Dist. LEXIS 67865, *8 (W.D. Ky. Aug. 4, 2009) (*citing Int'l Union, UMW v. Bagwell*, 512 U.S. 821, 833 (1994)). Federal courts derive this contempt power from 18 U.S.C. § 401, which provides, in pertinent part that "[a] court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as . . . [d]isobedience or resistance to lawful writ, process, order, rule, decree, or command." *Id.* District Courts likewise have inherent powers to hold parties in contempt and impose sanctions for violating court orders. *See Am. Gen. Life Ins. Co. v. Estate of Jude*, 2019 U.S. Dist. LEXIS 11247, *7 (E.D. Ky. Jan 24, 2019); *Grace v. Ctr. for Auto Safety*, 72 F.3d 1236 (6th Cir. 1996). In requesting sanctions, the moving party "must prove by clear and convincing evidence that the

[non-moving party] violated the court's prior order." *Id. See also Clapper v. Clark Dev., Inc.*, 747 Fed. Appx. 317, 322 (6th Cir. 2018).

Further, Rules 26 and 37 of the Federal Rules of Civil Procedure grant a court authority to impose sanctions on a party for failure to comply with terms of a Protective Order. *See* Fed. R. Civ. P. 26(c)(3) (allowing an award of expense for violation of a protective order pursuant to Rule 37(a)(5)). Under Rule 27, if a motion compelling compliance is granted, the Court **must** "require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Here, Jarrow has violated four Orders entered by this Court and should be sanctioned for its blatant disregard for this Court's authority and Caudill's rights.

## I. JARROW'S VIOLATIONS OF THE PROTECTIVE ORDER AND SEALING ORDERS.

In connection with a malpractice claim pending in the District Court for the District of Connecticut against its former trial counsel, McCarter & English LLP ("M&E"), Jarrow has repeatedly attempted to gain access to Caudill's confidential and trade secret information to support its case. *See McCarter & English LLP v. Jarrow Formulas, Inc.*, No. 3:19-CV-1124-MPS (D. Conn., filed July 22, 2019). When Caudill denied permission and this Court denied access, Jarrow defied Court Orders and used the information anyways. For these reasons, as set out in detail below, Jarrow should be sanctioned for its repeated violations of this Court's Orders.

### A. The Protective Order and Sealing Orders.

At the outset of this action, the Parties tendered an Agreed Protective Order with the understanding that they would exchange confidential information over the course of this matter. *See* DN 33. The Order was entered by this Court on December 27, 2013 and, by its terms,

3

survives the termination of this action and grants this Court continued jurisdiction for enforcement purposes. *Id.* at ¶ 29.

Per the Order, the Parties are permitted to designate documents and other materials as **"CONFIDENTIAL"** or **"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."** *Id.* at ¶¶ 3-4. A designation of **"CONFIDENTIAL"** indicates, generally, that the information is non-public, proprietary business information, including confidential competitive information, trade secrets, and customer information. *Id.* at ¶ 3. A designation of **"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"** indicates that the information is particularly sensitive because it relates to trade secrets, research or development, or other business strategy. *Id.* at ¶ 4. Once a document is marked with either designation, it is to be treated as such until either: (1) the designating party withdraws its designation, in writing; or (2) the Court rules the designation is improper and must be removed. *Id.* at ¶ 6(D).

Further, a vital term of the Protective Order provides that the Parties may only provide designated information to certain, identified individuals. *Id.* at ¶¶ 9(A)-(H); 10(A)-(F). Even then, the individuals identified are prohibited from using the information "for any purpose whatsoever, other than preparing for and conducting this action or the Caudill State Action." *Id.* at ¶ 14.

In reliance on this Protective Order, Caudill disclosed thousands of documents containing trade secret and other proprietary business information and designated them accordingly. The Parties also deposed numerous individuals on confidential topics and designated the deposition testimony accordingly.

Following a jury trial on this matter, the Court entered two separate Orders sealing all trial exhibits and trial transcripts. Specifically, at the close of the trial and without objection from Jarrow, the Court Ordered:

> THE COURT: All right. Well, we'll just indicate that nobody will have access to [the trial exhibits] except with court permission. Okay? Except counsel in this case. Okay?
>
> MR. LEWIS: Okay.
>
> THE COURT: So anybody else wants to get it will have to get the court permission. Dena will have to ask me if somebody wants to look at it. Okay? That way it's still confidential.

DN 488 (Tr. Tran. Vol. 16 at p. 18). Then, following Caudill's request to redact trade secret information from the trial transcripts, this Court entered an Order "restric[ing] access to all trial transcripts in the above-styled case, permit[ting] access by the Court and counsel of record only, pending further order of this Court." DN 504. The Court followed-up on these restrictions with an Order denying Jarrow access to any confidential information for use in the Connecticut Action. *See* DN 497, discussed *infra* at Section II.

### B. Jarrow's acts in violation of the Protective Order and Sealing Orders.

In violation of these Orders, Jarrow has used confidential, sealed documents and information outside of this action and opposed Caudill's attempts to remove the information from the public record. Indeed, Jarrow repeatedly opposed attempts to remedy an improper disclosure of sealed documents and impermissibly provided Caudill's confidential information to an expert witness for use outside of this action.

#### 1. Jarrow improperly opposed attempts to restrict public access to Caudill's documents in the Connecticut Action.

In September 2019, Caudill learned that several of its documents containing trade secret and other confidential information were entered into evidence during a public hearing in the

Connecticut Action. Each of the Connecticut exhibits PX197, PX198, PX199, and PX201 were documents produced in this action with appropriate confidentiality designations, as permitted by the Protective Order. As well, the Connecticut exhibits were entered into evidence during the jury trial of this matter as PX33, PX34, PX43, and PX51, respectively, and are thus subject to the prohibitions of this Court's Sealing Order.[1]

Upon receipt of this information, Caudill worked diligently with M&E and Jarrow in an attempt to coordinate a proposed agreed order to seal the documents from public view. *See* **Exhibit 1**, E-Mail Thread. Understanding the documents were inadvertently entered into the public record in contravention of the Protective Order and Sealing Orders, M&E appropriately made all reasonable efforts to rectify the issue by first agreeing to submit a proposed sealing order, then filing two Motions to Seal the documents.[2] *See* DN 33 at ¶¶ 21, 26 (requiring parties who inadvertently disclosed protected information to use its best efforts to remedy the situation); Exhibit 1 (where M&E readily agrees to submit a proposed sealing order); Connecticut Action, DN 113, DN 129 (M&E's Motions to Seal Certain Exhibits From the Prejudgment Attachment Hearing).

In contrast, Jarrow actively opposed all attempts to seal the documents, in clear violation of the Protective Order and Sealing Orders it was well aware of. Indeed, Jarrow rejected any form of a proposed sealing order and refused to explain its basis for its opposition or otherwise work with counsel to prepare an agreeable resolution. *See* Exhibit 1. Jarrow also adamantly opposed M&E's Motion to Seal the documents, arguing, among other things, and in

---

[1] As for the Protective Order designations, PX 197, 199, and 201 were designated "CONFIDENTIAL" while PX 198 was designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."
[2] M&E has recently filed a second Motion to Seal, after the first Motion was denied without prejudice based on a mere failure to attach copies of the relevant Kentucky Orders. Though Jarrow has not yet filed a response, Caudill anticipates that Jarrow will again oppose the request.

contravention of the jury's verdict against it in this action, that "a review of the contents of the four exhibits at issue does not support the conclusion that there is properly protectable information." *See* Connecticut Action, DN 116 at p 1, attached hereto as **Exhibit 2**.

As Jarrow was well aware, the documents at issue were each designated either **"CONFIDENTIAL"** or **"HIGHLY – CONFIDENTIAL ATTORNEYS' EYES ONLY"** and subject to the restrictions of the Protective Order of this Court. The terms of the Protective Order do not require that Jarrow *agree* with the designations before Jarrow is bound by the prohibitions contained therein. In fact, the Protective Order explicitly sets out the proper procedure for objecting to such designations – a procedure that Jarrow declined to use. *See* DN 33 at ¶ 6(A)-(D). Jarrow was therefore unequivocally prohibited from distributing, transmitting, divulging, or otherwise using these documents for any purpose other than defending this action and was further required to take all reasonable efforts to remedy an improper disclosure. *See* DN 33 at ¶¶ 7, 26.

In opposing the Motion to Seal filed in the Connecticut Acton, Jarrow also misrepresented to the Connecticut Court that no sealing order exists in this matter. Indeed, Jarrow affirmatively argued that "there is no order entered in the Kentucky Litigation which might reasonably be considered a sealing order," so the Connecticut Court should not seal the exhibits at issue. *See* Connecticut Action, DN 116 at p. 1. As recently as January 2020, Jarrow also represented to the Connecticut Court that "the transcript of the Kentucky trial is *not* sealed . . ." *Id.* p. 3, n. 1 (emphasis original). This is categorically false. *See* DN 504. Further, Jarrow made these representations to the Connecticut Court knowing full well that the jury in this action found that the documents in fact contain protectable information.

Put simply, Jarrow was made aware of the improper disclosure of Caudill's confidential information and chose to oppose any attempts to remedy the issue. When challenged by both Caudill and M&E to comply with the Protective Order and Sealing Orders, Jarrow instead represented to the Connecticut Court that the Sealing Orders do not exist, and failed to reference any Protective Order. As a result, Caudill has incurred significant attorneys' fees attempting to ensure the continued confidentiality of its trade secret information and prevent Jarrow from causing any additional harm to the company.

### 2. Jarrow improperly disclosed confidential information for use outside of this matter.

At the same time Jarrow opposed attempts to restrict public access to protected information, Jarrow was providing sealed documents to third-party individuals for use outside of this matter in violation of the Protective and Sealing Orders. Specifically, in litigating the Connecticut Action against its former trial counsel, Jarrow provided its expert witness, Kentucky Attorney Elisabeth Gray, with "certain filings, trial transcripts, and trial exhibits" from this matter. *See* Connecticut Action, Pre-Judgment Remedy Hearing DX529, Expert Report of Elisabeth Gray ("In preparation for this retention, I reviewed copies of certain filings, trial transcripts, and trial exhibits from [the Kentucky Action.]; Connecticut Action, DN 124, Order on Prejudgment Remedy ("Attorney Grey considered 'the trial record from the underlying [WDKY Litigation], some pleadings prior to trial, also some correspondence or anything else that I felt I needed.'"). While it is unclear whether any of the filings provided were made under seal, the trial transcripts and trial exhibits are unquestionably subject to sealing orders and are not to be accessed by anyone other than counsel of record, absent permission of this Court. Jarrow never sought this Court's permission to disclose anything to its expert in the Connecticut Action.

The trial exhibits are likewise subject to the Protective Order, as many (if not all) of the exhibits contained **"CONFIDENTIAL"** or **"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"** designations. Accordingly, Jarrow was barred from providing any of these documents to anyone not involved in this action. DN 33 at ¶¶ 9(A)-(H); 10(A)-(F). Nor was Jarrow permitted to use these documents for any purpose other than defending this action. *Id.* at ¶ 14. Even if Jarrow were using these documents for this action, the Protective Order requires that Jarrow provide written notice to Caudill and allow time for objection before disclosing the information. *Id.* at ¶ 11. Jarrow provided no such notice. What is more, Jarrow provided these documents to its malpractice expert *after* this Court expressly denied Jarrow access to and use of these documents. *See* DN 497. *See also infra* Section II.

Disregarding these Orders, Jarrow provided confidential information to its expert and allowed its expert to draft a report and testify to the information. Caudill is now forced to incur costs and fees in an attempt to remedy the resulting issues. Accordingly, Caudill requests that this Court sanction Jarrow for its violation of the Protective Order and two Sealing Orders.

## II.     JARROW'S VIOLATION OF THIS COURT'S DISCOVERY ORDER.

In addition to violating the applicable Protective and Sealing Orders, Jarrow violated this Court's September 16, 2019 Order requiring Court permission to use or otherwise gain access to confidential information. *See* DN 497. The Court entered this Order when it denied Jarrow's request to amend the Protective Order to permit the blanket use of Caudill's confidential information in the Connecticut Action. Despite the denial, Jarrow continued to oppose Caudill's and M&E's attempts to seal the information used in the Connecticut Action and affirmatively provided sealed documents to a third party. *See supra* Section I.B.

In the same Order, the Court also mandated that the Parties meet and confer and schedule a telephone status conference "prior to filing any future motion to amend the agreed protective

9

order or to otherwise gain access to confidential materials in this action for use in any other action . . ." DN 497 at p. 2. Nevertheless, hardly six months after this Order was entered, Jarrow unilaterally declined to meet and confer with Caudill and to schedule a telephonic conference with the Court. Instead, it chose to defy the Court's Order by issuing a subpoena seeking sealed and otherwise confidential information.[3] *See* Subpoena, **Exhibit 3**.

In sum, Jarrow has repeatedly demonstrated its contempt for Caudill's rights in its confidential information and for this Court's authority to enforce such rights. Such repeated, egregious behavior warrants the drastic measure of issuing sanctions; Jarrow should not be permitted to continue flouting the rules and skirting Court Orders. To prevent similar future behavior and to compel compliance with the existing Orders, Jarrow should be sanctioned.

## CONCLUSION

For the foregoing reasons, Caudill requests that this Court fine Jarrow for its blatant disregard of this Court's authority and award Caudill all costs and fees incurred in attempting to remedy the issues Jarrow has caused.

---

[3] Caudill has also filed a Motion to Quash the Subpoena on the grounds that it violates several of this Court's Orders. *See* DN 513.

Respectfully submitted,

 */s/ Jared A. Cox*
J. Mark Grundy
Jared A. Cox
Benjamin J. Lewis
Amanda L. Dohn
Kyle W. Miller
DENTONS BINGHAM GREENEBAUM LLP
3500 PNC Tower
101 South Fifth Street
Louisville, Kentucky 40202
Telephone: (502) 589-4200
Fax: (502) 587-3695
E-mail: Mark.grundy@dentons.com
       Jared.cox@dentons.com
       Ben.lewis@dentons.com
       Amanda.dohn@dentons.com
       Kyle.miller@dentons.com


COUNSEL FOR PLAINTIFF
CAUDILL SEED AND WAREHOUSE
COMPANY, INC.

## CERTIFICATE OF SERVICE

It is hereby certified that on the 26th day of March, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record through the ECF system.

 */s/ Jared A. Cox*
COUNSEL FOR PLAINTIFF

20923982.1