# EXHIBIT 2

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| McCARTER & ENGLISH, LLP ) | |
| ) | CIVIL ACTION CASE NO. |
| Plaintiff, ) | 3:19-CV-01124 (MPS) |
| ) | |
| VS. ) | |
| ) | |
| JARROW FORMULAS, INC. ) | |
| ) | |
| Defendant. ) | |
| ) | JANUARY 30, 2020 |

**DEFENDANT JARROW FORMULAS, INC.'S**
**MEMORANDUM OF LAW IN OPPOSITION TO**
**PLAINTIFF'S MOTION TO SEAL CERTAIN PJR EXHIBITS [D.N. 113, 114]**

**Introduction**

Plaintiff McCarter & English, LLP ("M&E") has filed a motion to seal certain exhibits M&E introduced into evidence at the PJR hearing in this matter on September 29, 2019. [D.N. 113 and D.N. 114]   Defendant Jarrow Formulas, Inc. ("Jarrow") respectfully submits this memorandum of law in opposition to the motion to seal.

Jarrow asserts that the motion to seal must be denied for several reasons:

*First,* all of the exhibits at issue were presented, discussed and entered in open court in the underlying Kentucky Litigation and in this Court, without any party filing a motion to seal;

*Second*, contrary to M&E's representations, there is no order entered in the Kentucky Litigation which might reasonably be considered a sealing order;

*Third*, a review of the contents of the four exhibits at issue does not support the conclusion that there is properly protectable information.   Indeed, M&E's motion does not even

1

claim that there is such information.

*Fourth,* the record in the Kentucky Litigation serves as the foundation for Jarrow's claim of legal malpractice in the present case. Access to the trial record for use in discovery and at trial in the present case therefore is essential.

Each of these points is discussed further below.

## Facts

**A.     The Exhibits Were Presented, Discussed and Entered in Open Court in the Kentucky Litigation and in this Court, with no Motion, Oral or written, to Seal.**

The four exhibits in question were offered, discussed, admitted into evidence, and considered by the jury and the Court in making adjudicative decisions in the underlying Kentucky Litigation. They were also admitted at the PJR hearing in this case with no motion, oral or written, to seal. In the Kentucky action, a total of more than 250 exhibits were admitted. These exhibits included such mundane items as a photograph a bottle of one of Jarrow's publicly marketed products.

**B.     There is No Order Sealing the Exhibits in the Kentucky Litigation.**

M&E's memorandum of law in support of its motion cites Volume 16, page 18 of the Kentucky Litigation trial transcript, a brief post-verdict colloquy between the trial judge and counsel, as the purported sealing order. An examination of the actual transcript belies this assertion.

However, M&E elected not to quote nor submit to this Court the relevant transcript excerpt. While Jarrow's counsel does not fully understand the reasons for this, Jarrow does not bear the burden of proof on this motion and will assume that Jarrow's counsel had a reason to

Case 3:13-cv-00082-CRS-CHL Document 514-2 Filed 03/26/20 Page 4 of 10 PageID #:
Case 3:19-cv-01124-MPS Document 116 Filed 01/30/20 Page 3 of 9
25626

intentionally omit the actual transcript excerpt.[1]

The colloquy between counsel and the Court occurred after the jury had returned its verdict and outside of its presence. Counsel for Caudill made vague references to sensitive information or secretive formulas in certain unidentified exhibits and stated that Caudill wished for these unidentified exhibits to be sealed. The trial judge responded by stating that all of the exhibits would be kept with the court reporter, who would advise the judge if anyone requested access and the party requesting access therefore would have to ask for his permission.

This is clearly was *not* a sealing order. Indeed, it is frivolous to assert that each of the hundreds of exhibits entered in the Kentucky Litigation were placed under a blanket seal by virtue of a brief on the record colloquy between counsel and the Kentucky trial judge. Nor could the colloquy with counsel undo the fact that the exhibits had already been presented, discussed and admitted in open court and thereby became a part of the Kentucky court's adjudicatory record.

C.      **None of the Exhibits Contain Information Which Would Justify a Sealing Order**.

The four exhibits which are the subject of the motion—Exhibits 197, 198, 199, and 201—have not been demonstrated to contain any information which would justify a sealing order. Even a cursory examination of the documents shows that is highly unlikely such protection is warranted.

Two of the exhibits are one-page, non-substantive e-mail communications. (Ex. 197 and

---

[1] Jarrow's counsel has noted previously that the transcript of the Kentucky trial is *not* sealed, but is the subject of a pending motion to seal certain portions of the transcript (not including the excerpt at issue here). The Kentucky court's only ruling on the motion to date was entered before motion was fully briefed and states that the motion "is not ripe for review." *Id.* (*See* D.N. 75, Defendant's Motion for Judicial Notice, p. 3, quoting Kentucky D.N. 504)

198).   The third exhibit is a series of e-mails and includes a list of approximately a dozen of Caudill's customers which, at this point, is more than eight years old. (Ex. 199)   The fourth exhibit is an e-mail which refers to a "formula" but does not appear to include the referenced formula.  (Ex. 201)   This exhibit also attaches what appear to be test results of some kind from a third-party laboratory.   These test results also are now more than eight years old.

M&E's motion makes no effort to establish that these documents substantively merit the protection of a sealing order.   In fact, M&E states:   "McCarter takes no position as to whether the documents at issue contain trade secret or otherwise protectable information or not."   (Pl. Mem., p. 4)

While M&E requests deference to "Orders issued by the Western District of Kentucky," and asserts that "the Court in the Kentucky Action entered an Order sealing all trial exhibits containing protectable trade secret information," (Pl. Mem., p. 4) no such order has been presented to this Court.   Nor does any such order appear to be listed in the docket report of the Kentucky litigation.   (*See* PJR Ex. 122)   The cited colloquy between the Kentucky trial judge and counsel did not include any findings that sealing was appropriate; nor did the court state that the either the exhibits at issue on this motion, or any particular exhibits are, were in fact, "sealed."

D.      **Access to the Record of the Kentucky Litigation is Essential in this Case.**

The record in the Kentucky Litigation is the foundation for the claim of legal malpractice in the present case.   Access to the record by counsel, by witnesses and for use at trial, is essential.   Jarrow respectfully submits that any sealing order applicable to the Kentucky Litigation trial exhibits must take this into account.

The same is true of the trial transcript. The impediments to a full and fair adjudication in the present case without access to the Kentucky trial record, including all trial exhibits and the full trial transcript, is made evident from the present motion, in which M&E asks for deference to a purported oral, on the record, "sealing order" without providing the relevant transcript excerpt to the Court.

E.  **The Statement that Jarrow's Counsel Has Refused to Explain its Position is False.**

As a matter of personal privilege, counsel takes strong exception to the statement that Jarrow's counsel heretofore "opposed all attempts to seal the documents and has steadfastly refused to explain the basis for its opposition." (Pl. Mem., p. 2) To be clear, the exhibits at issue were introduced at the PJR hearing by M&E, not by Jarrow. Nevertheless, Jarrow was asked to "stipulate" to an Order in this court sealing the exhibits. Jarrow declined, for reasons fully explained to Caudill's counsel in a series of phone conversations and e-mails prior to M&E's filing of the instant motion.

Jarrow's counsel explained that Judge Shea's standing "Instructions Regarding Confidentiality and Sealing Documents," (published at the District of Connecticut web site) state clearly that "the parties' agreement to seal or limit disclosure of documents on file is not a sufficient basis for granting such an order."  (*See* Pl. Mem., Ex. 1; e-mail dated 1/14/2020)[2]

Jarrow's counsel further explained as follows:

Fundamentally, as I have stated in our conversations, the matter is not so simple as an

---

[2] The e-mail communications attached to M&E's motion also reflect that Jarrow's counsel had a number of telephone conversations with Caudill's counsel on this subject.  *Id.; see* e-mail dated 1/13/20 ("I believe that I have explained my client's position in our telephone conversations;" e-mail dated January 14, 2020 ("As I have explained in our conversations . . .")

5

agreement to seal documents in the Connecticut federal court, even if we did agree with you, which we do not.

Magistrate Judge Merriam has made it quite clear in a prior ruling in our case in Connecticut that under applicable Second Circuit and U.S. Supreme Court precedent, sealing court records is an extraordinary step which requires a hearing and evidence to support specific findings by the Court regarding the claimed need for confidentiality and the public interest in open courts.

(Pl. Mem., Ex. 1; e-mail dated 1/14/2020)

## **Legal Discussion**

Local Civil Rule 5(e) of this Court states, in pertinent part, that any order sealing a judicial document "shall include particularized findings demonstrating that sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons. . . No document shall be sealed merely by stipulation of the parties." Unsurprisingly, the Kentucky district court's Local Civil Rules reflect the same principles:

> **Specific Authority or Motion Required; Protective Orders**. Absent a federal statute or federal rule of procedure, local rule, or standing order of this court. a party seeking to file a sealed document must electronically file a motion for leave to seal. The motion must state why sealing is required and must establish that the document sought to be filed under seal is entitled to protection from public disclosure. Reference to a stipulation that allows a party to designate certain documents as confidential is not sufficient grounds to establish that a document, or portions thereof warrants filing under seal.

Local Civil Rules for the United States District Court for the Western District of Kentucky, L.R. 5.7(c).

Judge Shea's "Instructions Regarding Confidentiality and Sealing Documents," reflect the controlling precedent and legal standards governing a motion to seal:

> As the Second Circuit has made clear, the public and the press have a "qualified First Amendment right . . . to access certain judicial documents," including inspecting and making copies of judicial documents and docket sheets. *Lugosch*, 435 F.3d at 120

6

> (quoting *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91 (2d Cir. 2004)). Furthermore, the Court is not likely to exclude the public from any Court proceeding without an extraordinary demonstration of good cause. See, e.g., *Hartford Courant Co.*, 380 F.3d at 91 ("The Supreme Court [has] recognized that the First Amendment grants both the public and the press a qualified right of access" to judicial proceedings.); *Westmoreland v. CBS, Inc*., 752 F.2d 16, 22 (2d Cir. 1984) ("There is, to be sure, an abundance of support in the cases for a constitutionally grounded public right of access to the courtroom."). In limited circumstances and upon a showing of compelling circumstances, this Court may order certain records to be sealed. *See Lugosch,* 435 F.3d at 123 ("[D]ocuments used by parties moving for, or opposing, summary judgment should not remain under seal absent the most compelling reasons.") (quoting *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982)); *Hartford Courant Co.*, 380 F.3d at 96 (stating that judicial records enjoy a "presumption of openness," a presumption that is rebuttable only "upon demonstration that suppression is essential to preserve higher values and is narrowly tailored to serve that interest" (internal quotations omitted)). However, "[i]n most cases, a judge must carefully and skeptically review sealing requests to insure that there really is an extraordinary circumstance or compelling need." *In re Orion Pictures Corp*., 21 F.3d 24, 27 (2d Cir. 1994) (citation omitted); *see SEC v. TheStreet.com*, 273 F.3d 222, 232 (2d Cir. 2001). Moreover, ordinarily, a court must make that determination on the basis of a careful document-by-document review of the particular portions of the document that a party wishes to file under seal and after considering whether the requested order is no broader than necessary to serve the interests that require protection. *See Amodeo*, 71 F.3d at 1050-51. A blanket sealing order would rarely, if ever, be appropriate.   Furthermore, the parties' agreement to seal or limit disclosure of documents on file is not a sufficient basis for granting such an order. Id. Until either party demonstrates the existence of extraordinary circumstances or a compelling need to seal from public view any particular portion of any specific document filed in this case, this Court will not depart from the governing strong presumption of open access.

Nothing need be added to Judge Shea's articulation of the controlling legal principles.

M&E's motion makes no effort to "demonstrate[] the existence of extraordinary circumstances or a compelling need to seal from public view any particular portion of any specific document . . . ."  *Id.*   Instead, M&E expressly takes no position, because it interprets an statement made by the trial judge in Kentucky in response to an oral request to seal unspecified trial exhibits, as a "rarely, if ever . . . appropriate" blanket sealing order applicable to every one of some 250 trial exhibits.   *Id.*

Jarrow respectfully disagrees.   M&E's reading of the ruling in Kentucky is unreasonable

7

for a variety of reasons, not the least of which is that it assumes the Kentucky court entered a blanket sealing order when the Court's own Local Civil Rules would have prohibited such an order. Moreover, the Court's articulation of its action does not, on its face, state that it is or otherwise constitute a sealing order. M&E overly expansive interpretation of the transcript of proceedings in Kentucky improperly assumes that the Kentucky trial judge issued what would have been, on the record presented by at that time, a transparently invalid order.

## Conclusion

For all of the foregoing reasons, Jarrow respectfully submits that the motion to seal must be denied.

                    THE DEFENDANT,
                    JARROW FORMULAS, INC.

                    By /s/ Jeffrey J. Tinley (ct00765)
                    Jeffrey J. Tinley
                    Tinley, Renehan & Dost, LLP
                    255 Bank Street ~ Suite 2-A
                    Waterbury, CT 06702
                    Telephone: 203-596-9030
                    Facsimile: 203-596-9036
                    Federal Bar No.: ct00765
                    E-Mail: jtinley@tnrdlaw.com

## CERTIFICATION

**I HEREBY CERTIFY THAT** on January 30, 2020 a copy of the foregoing Memorandum of Law in Opposition to Motion to Seal Certain PJR Exhibits was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF system.

                                                /s/ Jeffrey J. Tinley (ct00765)

Jeffrey J. Tinley
Tinley, Renehan & Dost, LLP
255 Bank Street ~ Suite 2-A
Waterbury, CT 06702
Telephone: 203-596-9030
Facsimile: 203-596-9036
Federal Bar No.: ct00765
E-Mail: jtinley@tnrdlaw.com