UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**CAUDILL SEED and WAREHOUSE COMPANY, INC.**
**d/b/a CAUDILL SEED COMPANY**                               **PLAINTIFF**

vs.                                          CIVIL ACTION NO. 3:13-CV-82-CRS

**JARROW FORMULAS, INC.**                                   **DEFENDANT**

## MEMORANDUM OPINION

### I.   Introduction

This matter is before the Court on Defendant Jarrow Formulas, Inc.'s ("Jarrow") objection to Plaintiff's bill of costs. DN 569. Plaintiff Caudill Seed and Warehouse Company, Inc. ("Caudill Seed") filed a reply. DN 572. The matter is now ripe for adjudication. For the following reasons the Court will overrule Jarrow's objections in part and sustain its objections in part.

### II.  Background

On June 26, 2019, a jury reached a verdict in favor of Caudill Seed and awarded it $2,427,605.00. DN 487. Caudill Seed timely submitted its bill of costs, claiming expenses totaling $70,653.82. DN 566. Jarrow now objects to $17,372.75 of Caudill Seed's claimed costs. DN 569.

### III. Legal Standard

Federal Rule of Civil Procedure 54(d) "creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court." *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986). Therefore, "[t]he party objecting to the taxation bears the burden of persuading the Court that taxation is improper." *Roll v. Bowling Green Metal Forming, LLC.*, 2010 U.S. Dist. LEXIS 78946, 2010 WL 3069106, at *2 (W.D. Ky. Aug. 4, 2010) (citing *BDT Prods., Inc. v. Lexmark Intern., Inc.*, 405 F.3d 415, 420, abrogated in part on other grounds, (6th Cir. 2005)). In *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 440, 107

1

S.Ct. 2494, 96 L.Ed.2d 385 (1987), the Supreme Court held that a district court may award costs only for those elements contained in 28 U.S.C. § 1920, which provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

### IV.     Discussion

Jarrow objects to certain costs associated with trial transcripts and video depositions. *See* DN 569. The Court will address each objection in turn.

####     A.     Trial Transcripts

Jarrow argues that daily trial transcripts and certified trial transcripts "are generally not considered necessary and the costs for ordering daily transcripts are not recoverable" and objects to $10,113.80 of taxable costs DN 569 at 1–2. Jarrow cites *White & White, Inc. v. American Hosp. Supply Corp.*, 786 F.2d 728, 731–32 (6th Cir. 1986) to support this proposition. But Jarrow misinterprets the court's holding in *White & White*. The Sixth Circuit did not hold that daily trial transcripts are per se unnecessary. The court held that the appellant had "failed to show clear error by the district court in characterizing daily transcript costs as unnecessary." *White & White, Inc.*, 286 F.2d at 732. Indeed, the court expressly stated that "'it is incumbent upon the unsuccessful party to show circumstances sufficient to overcome the presumption' favoring an award of costs to the prevailing party." *Id.* (citing *Lichter Found., Inc. v. Welch*, 269 F.2d 142, 146 (6th Cir. 1959)). Jarrow's

assertion that there is a bright-line rule against recovering daily transcript costs is, therefore, without merit.

Jarrow has failed to overcome the presumption that the costs of daily trial transcripts and certified trial transcripts are unnecessary in this case. As this Court has noted previously, this was a complicated, protracted, and hard-fought trade secret litigation. It involved a lengthy jury trial that included substantive motions over the course of that trial. Both parties relied on daily trial transcripts to "streamline the resolution of complex issues" of this case. *In re: Whirlpool Corp.*, No. 1:08-WP-65000, 2015 WL 11995255, at *7 (N.D. Ohio Feb. 18, 2015). Accordingly, the Court finds these taxable costs necessary and Jarrow's objections will be overruled.

### B.    Video Depositions

Jarrow next objects to certain costs related to video depositions. Specifically, Jarrow objects to (1) "MPEG conversion" and "video/text sync conversion" costs, (2) "Merrill Viewer" costs, and (3) "overhead" costs. Jarrow's objections total $7,258.95. DN 569 at 2–3. Jarrow does not provide the Court with any case law to support its objection and merely labels these costs as unnecessary. *Id*.

This Court has previously held that charges associated with video depositions including "video services, rough disk, interactive realtime, video tapes, and the synchronization of the video and deposition transcripts" are taxable. *Thalji v. TECO Barge Line*, No. 5:05-CV-226-R, 2007 WL 2827527, at *2 (W.D. KY. Sept. 27, 2007) (citing *BDT Prods. v. Lexmark Int'l, Inc.,* 405 F.3d 415, 420 (6th Cir. 2005) (overturned on other grounds)). Without any precedent to the contrary, Jarrow has failed to overcome the

assumption that the charges associated with video depositions are improper. Accordingly, the Court will overrule its objections to these charges.

However, it is well settled that "'administrative expense[s]' that 'represent[] the cost of doing business'" are not taxable costs. *Thalji*, 2007 WL 2827527 at *2 (citing *EEOC v. Northwest Airlines, Inc.,* 2002 U.S. Dist. LEXIS 26272 (D.Tenn. 2002)). Here, Caudill Seed's claimed costs for "Production and Code Compliance," "Process/Deliver NL," and "Shipping & Handling" are administrative expenses and are not recoverable. Accordingly, the Court will sustain Jarrow's objections to these costs and will remove $782.00 from the bill of costs.

## V. Conclusion

For the reasons stated herein, the Court will overrule Jarrow's objections in part and sustain its objections in part. DN 569. A separate order will be entered in accordance with this opinion.

August 29, 2020

**Charles R. Simpson III, Senior Judge**
**United States District Court**