UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| CAUDILL SEED and WAREHOUSE COMPANY, INC. d/b/a CAUDILL SEED COMPANY,<br><br>  Plaintiff,<br>v.<br><br>JARROW FORMULAS, INC.,<br><br>  Defendant. | Civil Action No.: 3:13-CV-82-CRS-CHL<br><br>ELECTRONICALLY FILED |

**MOTION FOR LEAVE TO FILE SUR-REPLY TO CAUDILL'S REPLY RELATING TO ITS REQUEST FOR AN AWARD OF ATTORNEYS' FEES**

Defendant Jarrow Formulas, Inc. hereby moves for the Court's leave to file a sur-reply in response to the new materials appended to Plaintiff Caudill Seed & Warehouse Company, Inc.'s Reply in Support of Its Request for an Award of Attorneys' Fees, Doc. 582. Jarrow Formulas' proposed Sur-Reply is tendered with this motion.

The Court has previously warned Caudill against basing its arguments in this matter on materials submitted in Jarrow Formulas' Connecticut litigation with its former trial counsel, McCarter & English:

> In its response brief to the JMOL/new trial motion, Caudill Seed refers repeatedly to filings in the Connecticut action in which Jarrow Formulas criticizes its counsel's performance and alleged mismanagement of the case. The Court's responsibility in considering the present motions is to focus on the sufficiency of the evidence adduced at trial in deciding whether the verdicts are properly supported. The court will not, therefore, engaged in a "would, coulda, shoulda" analysis of what was *not* presented to the jury or what could have been presented differently. ***We thus disregard Caudill Seed's references*** to Jarrow Formulas' assertions of malpractice in the Connecticut action.

Doc. 522 at 7 (emphasis added).

Yet Caudill Seed has not learned the lesson. Despite the Court's admonition, its Reply Brief in support of its request for an award of attorneys' fees in this action quotes extensively from pleadings in the Connecticut action. *See, e.g.*, Doc. 582 at 2.[1] And what's more, Caudill Seed appended literally hundreds of pages of new exhibits—which are almost entirely comprised of pleadings and exhibits from the Connecticut action—to its **Reply** brief for the first time. Doc. 582-1 to 582-5. Among these materials is "Exhibit KK" as submitted in the Connecticut action. Doc. 582-2, "Exhibit 2" to the Reply. This e-mail was a confidential attorney-client communication between Jarrow Rogovin and Jarrow Formulas' trial counsel sent more than half a year before the trial of this matter. *Id.* This e-mail, like the other Connecticut-action materials appended to Caudill Seed's Reply brief, should not be considered by the Court in adjudicating Caudill Seed's request for attorneys' fees in this matter. Jarrow Formulas is entitled to an opportunity to object to Caudill Seed's use of these materials and to otherwise respond to them by a Sur-Reply.

The Court has discretion to grant Jarrow Formulas leave to file a sur-reply in opposition to Caudill Seed's attorneys' fees motion. *See Key v. Shelby County*, 551 F. App'x 262, 264 (6th Cir. 2014); *see also First Technology Capital, Inc. v. BancTec, Inc.*, 2017 WL 2734716, at *1 (E.D. Ky. June 26, 2017) (finding proposed sur-reply "appropriate" and observing that "whether to permit a party to file a surreply is a matter left to the trial court's discretion"). Such leave to file a Sur-Reply should be granted "[w]hen new submissions and/or arguments are included in a reply brief." *Seay v. Tennessee Valley Authority*, 339 F.3d 454, 481 (6th Cir. 2003). This is because, without a consideration of a sur-reply, "a nonmovant's ability to respond to the new evidence has been vitiated." *Id.* at 481-82 (need to consider sur-reply is "particularly true…[for] new evidentiary

---

[1] Indeed, Caudill Seed's references are even more unfair than the last time the Court rejected them. In the block-quotation at the above-citation, Caudill Seed is not even quoting Jarrow Formulas, but rather its adversary in the Connecticut action, its prior trial counsel. Such materials are clearly hearsay and should not be considered by the Court.

submissions" in a reply); *see also Engineering & Mfg. Services LLC v. Ashton*, 387 F. App'x 575, 583 (6th Cir. 2010) (district court abused its discretion in denying leave to file sur-reply where movants presented "new arguments and new evidence in their reply brief"). Thus, while Jarrow Formulas is cognizant of the fact that this Court disfavors the use of "[t]he mythical creature, the Sur-Reply," Caudill Seed's Reply Brief necessitates its filing here. *See South Fifth Towers, LLC v. Aspen Ins. UK, Ltd.*, 2018 WL 1522349, at 1 & n.1 (W.D. Ky. Mar. 28, 2018) (Simpson, J.) (noting that the "appropriate circumstances" for filing a sur-reply are "when new submissions and/or arguments are included in a reply brief").

Caudill Seed's Reply Brief is replete with references to and quotes from its (hundreds of pages of) newly submitted materials culled from the Connecticut action rather than the record in this case. Jarrow Formulas should be allowed to file the appended Sur-Reply to object to the consideration of these materials and Caudill Seed's references thereto and to otherwise be afforded a fair opportunity to reply to them.

Accordingly, Jarrow Formulas requests this Court to grant it leave to file the Sur-Reply tendered with this motion.

                                                   Respectfully submitted,

                                                   */s/ Jonathan D. Leventhal*
                                                   Jonathan D. Leventhal
                                                   *Pro hac vice*
                                                   Legal Department—Jarrow Formulas, Inc.
                                                   1824 S. Robertson Blvd.
                                                   Los Angeles, CA 90035
                                                   Telephone: (310) 204-6936
                                                   jonathanl@jarrow.com

                                                 Counsel for Defendant, Jarrow Formulas, Inc.

**Certificate of Service**

      I hereby certify that, on September 15, 2020, I electronically filed this document through the ECF system, which will send a notice of electronic filing to all attorneys of record.

                                              */s/ Jonathan D. Leventhal*